LLOYD F. SMITH COMPANY, INC., et al., Appellants,

v.

DEN–TAL–EZ, Emerson Electric Co., Respondents.

No. C6–91–841.

Court of Appeals of Minnesota.

Nov. 26, 1991.

Review Granted March 9, 1992.

Joseph F. Lulic, Julianne M. Fiedler, Hanson, Lulic & Krall, Minneapolis, for appellants.

Mark A. Gwin, Cousineau, McGuire & Anderson, Minneapolis, for respondent Den–Tal–Ez.

Hal A. Shillingstad, Cosgrove, Flynn, Gaskins & Haskell, Minneapolis, for respondent Emerson Elec. Co.

Considered and decided by HUSPENI, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

PETERSON, Judge.

The trial court found that appellants' claims alleging strict liability and negligence failed to state a claim upon which relief can be granted and granted respondents' motions to dismiss. The trial court also found that appellants' breach of warranty claims were time barred and granted respondents' motions for summary judgment. We affirm.

## FACTS

On January 15, 1988 a fire caused extensive damage to a two story office building at 542 Snelling Avenue, St. Paul, Minnesota. The building was leased to four tenants. All of the tenants sustained property damage from the fire, but the fire caused no personal injury.

The tenants and the owner of the building commenced actions alleging that the fire was caused by a defect in a dental chair located in the office of Dr. Thomas Vukodinovich, D.D.S., one of the tenants.

All plaintiffs sought recovery for property damage caused by the fire and asserted claims of negligence, strict liability and breach of express and implied warranties against Den–Tal–Ez, Inc., the manufacturer of the dental chair, and Emerson Electric Company, the manufacturer of an electric motor that was part of the chair.

The dental chair was first purchased sometime prior to 1975 and was first used at a different location. In 1975, Dr. Richard Stoffel purchased the dental practice of Dr. Jack Sheperd, which included the chair. In 1978, Stoffel moved his practice to 542 Snelling. In 1987, he sold his practice, including the chair, to Vukodinovich. Vukodinovich used the chair in his practice until the fire occurred.

Den–Tal–Ez and Emerson Electric moved for dismissal of all strict liability and negligence claims for failing to state a claim upon which relief can be granted and for summary judgment on all breach of warranty claims on the ground that these claims are time barred by the four year statute of limitations under Minn.Stat. § 336.2–725. For purposes of the motions, the parties agreed that the fire was caused by a defect in the dental chair. Matters outside the pleading were presented to and not excluded by the trial court.

The trial court granted both motions. This appeal by the tenants and the building owner followed.

## ISSUES

I. Did the trial court correctly rule as a matter of law that the economic loss rule barred subsequent purchasers of business equipment from suing the equipment manufacturers in tort?

II. Did the trial court correctly rule as a matter of law that the economic loss rule barred parties outside the chain of ownership of the business equipment from suing the equipment manufacturers in tort?

III. Did the trial court correctly rule as a matter of law that the statute of limitations barred the appellants' claims of breach of warranty?

IV. Did the trial court correctly rule as a matter of law that the statute of limitations on breach of warranty claims does not unconstitutionally deprive a party of a remedy under a sales contract?

## ANALYSIS

■ When matters outside the pleading are presented to and not excluded by the court, a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted shall be treated as a motion for summary judgment. Minn. R.Civ.P. 12.02.

■ When reviewing a grant of summary judgment, we determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). This court need not defer to the trial court's decision concerning a question of law. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977). The trial court determined that the Uniform Commercial Code provided the exclusive remedy for the property damage appellants suffered as a result of the fire. We agree.

[T]he Uniform Commercial Code must control exclusively with respect to damages in a commercial transaction which involves property damage only.

*Hapka v. Paquin Farms*, 458 N.W.2d 683, 688 (Minn.1990).

■ There is no dispute that the fire caused property damage only. However, appellants make two arguments that because Vukodinovich did not purchase the dental chair directly from Den–Tal–Ez, the manufacturer, there was no commercial transaction and the U.C.C. does not apply to this case.

Appellants argue first that because the identity of the original purchaser of the chair is unknown, it cannot be determined whether the original purchase was a commercial transaction or a consumer transaction. Because this fact issue exists, appellants argue, it cannot be determined on a motion for summary judgment whether *Hapka* applies to the facts of this case.

A motion for summary judgment may be granted only if,

viewing the evidence favorably to the nonmoving party, the movant has clearly sustained the burden of proving there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

*Hamilton v. Independent School Dist. No. 114*, 355 N.W.2d 182, 184 (Minn.App.1984).

Appellants contend that respondents have failed to sustain their burden of proving that there is no genuine issue of material fact regarding the identity of the original purchaser of the dental chair. However,

[i]t is incumbent on the party opposing a summary judgment motion made on depositions or affidavits to counter with sufficient specific facts to raise a jury issue.

*Lundgren v. Eustermann*, 370 N.W.2d 877, 881 (Minn.1985). Here appellants have not produced sufficient specific facts to raise a jury issue regarding the identity of the original purchaser of the chair. The evidence produced by appellants is no more than their assertions that they do not know who originally purchased the chair. They have not produced specific evidence that anyone purchased the chair before Dr. Shepard. Lack of knowledge about a fact is not evidence of the fact.

We hold that the evidence presented by appellants is insufficient, as a matter of law, to present any genuine issue of material fact regarding the identity of the original purchaser of the dental chair.

Appellants next argue that there was no commercial transaction in this case because Vukodinovich was a secondary purchaser of the chair. He purchased the chair from Stoffel as part of the sale of a dental practice. Because this purchase was not a commercial transaction, appellants argue, *Hapka* does not apply.

■ Whether the secondary purchases of the dental chair were commercial transactions is squarely addressed in *Nelson v. International Harvester Corp.*, 394

N.W.2d 578 (Minn.App.1986), *pet. for rev. denied* (Minn. Dec. 12, 1986). The *Nelson* court found that commercial transactions occurred when farmers purchased used combines from other farmers and implement dealers. *Id.* at 581. Here, as in *Nelson*, the secondary sales of the dental chair were transactions between independent businessmen, each of whom had some bargaining power. Each time, the chair was purchased for use in income generating activities. The secondary purchases were not consumer transactions. They were commercial transactions.

■ The appellants other than Vukodinovich make the additional argument that they were not parties to a commercial transaction because they were not parties to any transaction at all. They contend they were merely parties who suffered damage as a result of their geographic proximity to the office where the dental chair was located. This argument fails to recognize that the only connection between respondents and the damage suffered by appellants is the original sale of the dental chair. Any liability of respondents must arise as a result of this sale.

■ Because the original sale of the chair was a commercial transaction, respondents may rely upon the limitation of remedies in the U.C.C.

> If the Code is to have any efficacy, parties engaged in commercial activity must be able to depend with certainty on the exclusivity of the remedies provided by the Code in the event of a breach of their negotiated agreement.

*Hapka*, 458 N.W.2d at 688.

Although appellants did not negotiate an agreement with respondents, the only basis for respondents' liability is the commercial activity of selling the dental chair. Having engaged in this commercial activity respondents must now be able to depend on the exclusivity of the remedies provided by the U.C.C.

■ The only exceptions to this rule are for damages arising out of a consumer transaction and for personal injuries arising out of a commercial transaction. *Id.*

Neither exception applies to the facts of this case. The Minnesota Supreme Court has specifically declined to recognize additional exceptions.

> While there is reason to sacrifice consistency in order to preserve tort remedies for personal injuries arising out of commercial transactions, as well as those arising out of consumer transactions, there is no similar reason in cases of property damage arising out of commercial transactions to heap tort theories of negligence and strict products liability atop those remedies already provided by the U.C.C.

*Id.*

■ The trial court found that appellants' breach of warranty claim was time barred under Minn.Stat. § 336.2–725 (1990). We agree. Minn.Stat. § 336.2–725 provides in relevant part:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.

In this case, delivery of the chair by Den–Tal–Ez occurred sometime prior to 1975. The first action was brought in 1988, long after the expiration of the four year statute of limitations.

Appellants argue that their actions are timely because they were all brought within four years after Stoffel delivered the chair to Vukodinovich. However, appellants' actions were not brought against Stoffel. Under Minn.Stat. § 336.2–725 the tender of delivery that begins the limitations period running must be the tender made under the contract that has allegedly been breached. Appellants brought an action against Den–Tal–Ez and Emerson Electric Co. alleging breach of warranty in a contract for sale of a dental chair. Tender of delivery under that contract occurred prior to 1975. Tender of delivery under the contract between Stoffel and Vu-

kodinovich does not revive a time barred cause of action under the earlier contract.

Finally, appellants argue that Minn.Stat. § 336.2–725 is unconstitutional as applied by the trial court because it effectively denied appellants a remedy to address their injuries. The remedies clause states:

Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, and to obtain justice freely and without purchase, completely and without denial, promptly and without delay, conformable to the laws.

Minn. Const. art. 1, § 8.

A statute is presumed constitutional unless the party challenging it proves beyond a reasonable doubt that the statute violates a constitutional provision. *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 453 (Minn.1988). The court will declare a statute unconstitutional only when absolutely necessary. *Id.*

It was held long ago that the remedies clause is not an absolute limitation on the legislature's power to determine both the form and the measure of the remedy for a wrong. *See Tri–State Ins. Co. v. Bouma*, 306 N.W.2d 564, 565–66 (Minn. 1981) (citing *Allen v. Pioneer–Press Co.*, 40 Minn. 117, 41 N.W. 936 (1889)). The legislature can constitutionally abrogate a common law right if it is pursuing a permissible, legitimate legislative objective. *Id.*

Statutes of limitation act only on the remedy; they prescribe a period within which a right may be enforced, afterward withholding a remedy for reasons of private justice and public policy. It would encourage fraud, oppression, and interminable litigation, to permit a party to delay a contest until it is probable that papers may be lost, facts forgotten, or witnesses dead. A limitation law is intended to prevent this, and such a law is uniformly held valid.

*Baker v. Kelley*, 11 Minn. 480, 493 (1866).

In adopting the statute of limitations for actions arising out of sales contracts, the legislature clearly stated its objective:

This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial recordkeeping period.

Minn.Stat.Ann. § 336.2–725 Uniform Commercial Code comment. This is a legitimate legislative objective. Minn.Stat. § 336.2–725 is constitutional.

## DECISION

The trial court properly granted summary judgment to the respondents in this case. Appellants' tort claims are barred by the economic loss rule set forth in *Hapka*, and their warranty claims are barred by the statute of limitations.

Affirmed.