LEQUASIA PLUMMER[1] *vs.* MARTIN S. GILLIESON & others.[2]

No. 96-P-1550.

Hampden. January 14, 1998. - April 10, 1998.

Present: ARMSTRONG, KAPLAN, & PORADA, JJ.

*Medical Malpractice. Minor. Repose, Statute of.*

The language of G. L. c. 231, § 60D, as amended through St. 1986, c. 351, is plain, unambiguous and clear, and the statute of repose provision therein bars the bringing of an action against a health care provider more than seven years after the act or omission giving rise to the cause of action. [579-581]

A Superior Court judge correctly concluded that an action brought by a minor aged eight years and two months for injuries sustained during her birth was barred by the seven-year repose provision of G. L. c. 231, § 60D. [581]

General Laws c. 231, § 60D, is not unconstitutionally vague; is rationally related to a legitimate State interest, thus satisfying State and Federal due process and equal protection requirements; and does not violate the right to a remedy by recourse to the laws guaranteed by art. 11 of the Massachusetts Declaration of Rights. [581-583]

CIVIL ACTION commenced in the Superior Court Department on December 26, 1995.

The case was heard by *Judd J. Carhart*, J., on motions for summary judgment.

*Jonathan Z. Souweine* for the plaintiff.

*Carol A. Griffin* for Kathleen Ann Beith.

*Michael Mosher*, for M.A. DiNicola, & *John M. Dellea*, for Martin Gillieson, were present but did not argue.

*Susan von Struensee* for The Children's Watch, amicus curiae, submitted a brief.

---

[1]By her mother and next friend, Moira Plummer. The Children's Watch filed a brief as amicus curiae.

[2]M.A. DiNicola and Kathleen Ann Beith. The Professional Liability Foundation filed a brief as amicus curiae.

*Thomas R. Kiley, Carl Valvo & Matthew L. Schemmel* for The Professional Liability Foundation, amicus curiae, submitted a brief.

PORADA, J. When the plaintiff was eight years and two months old, a complaint for medical malpractice was filed by her mother on her behalf in the Superior Court against the defendants. The action sought to recover damages for injuries sustained by the plaintiff during her birth. The defendants filed motions to dismiss on the ground that the action was barred by the repose provision of G. L. c. 231, § 60D.[3] The plaintiff opposed the motions, arguing that because she was under two years of age when her injuries occurred, she had, under G. L. c. 231, § 60D, until the age of nine to bring the action, and that to rule otherwise would violate the Federal and State Constitutions. The motion judge agreed with the defendants' construction of the statute and granted summary judgment in their favor.

In this appeal, the plaintiff argues that the statute as construed by the motion judge is contrary to legislative intent and violates the due process and equal protection guarantees of the Federal and State Constitutions and the right to a remedy guaranteed by art. 11 of the Massachusetts Declaration of Rights. We reject those arguments and affirm the judgment.

1. *Construction of G. L. c. 231, § 60D.* The plaintiff asserts that the language of G. L. c. 231, § 60D (as amended through St. 1975, c. 634, § 1), is ambiguous and inconsistent, in that under the 1975 amendment[4] she would have had until her ninth birthday to bring the action, but under the language added by

---

[3]General Laws c. 231, § 60D, as amended by St. 1986, c. 351, § 23, provides as follows: "Notwithstanding the provisions of section seven of chapter two hundred and sixty, any claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect shall be commenced within three years from the date the cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action may be commenced, *but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body*" (emphasis added).

[4]Statute 1975, c. 634, § 1, provided as follows: "Notwithstanding the provisions of section seven of chapter two hundred and sixty, any claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect shall be commenced within three years from the date the

the 1986 amendment, she would have only until her seventh birthday. To resolve the alleged ambiguity, the plaintiff argues that one must look to the history of the statute to determine legislative intent. *DiGianni* v. *Contributory Retirement Appeal Bd.*, 421 Mass. 350, 353 (1995). The plaintiff points out that the Supreme Judicial Court recognized that the 1975 amendment allowing children whose claims for medical malpractice which accrued before age six until the age of nine to bring an action was intended to afford younger plaintiffs additional time within which to bring their action, *McGuinness* v. *Cotter*, 412 Mass. 617, 623 (1992), and the ninth birthday language in the 1975 amendment was left intact when the 1986 amendment was passed. Accordingly, the plaintiff argues that in failing to amend the limitation period, the Legislature obviously intended to allow children under two years of age the same benefit of the ninth birthday provision extended to children between the ages of two and six in order to provide them the greater protection recognized in *McGuinness.*

While it is clear that the limitation provision was intended to give younger children the benefit of a longer statute of limitations, *ibid.*, the plaintiff overlooks that the legislative history relating to statutes governing the filing of medical malpractice actions by minors demonstrates a trend to restrict the time frame for filing a medical malpractice action, beginning with the removal of malpractice claims from the tolling provisions of G. L. c. 260, § 7, with the enactment of G. L. c. 231, § 60D, as set forth in St. 1975, c. 362, § 5, and ending with the passage of the 1986 amendment as set forth in St. 1986, c. 351, § 23, barring the bringing of a malpractice action more than seven years after the act or omission which is the alleged cause of the injury, except for one exception not applicable here.

The plaintiff also overlooks that the 1986 amendment is not a statute of limitations but a statute of repose, *McGuinness* v. *Cotter*, 412 Mass. at 622, enacted as part of a legislative response to the decision in *Franklin* v. *Albert*, 381 Mass. 611 (1980), in which the Supreme Judicial Court held that a cause of action for medical malpractice does not accrue until a patient learns or reasonably should have learned that he has been harmed as a result of a defendant's conduct. *Id.* at 612. In order to counter the effect of this decision on the cost of malpractice

cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action may be commenced."

insurance and its resulting effect on the cost of health care, the Legislature amended the applicable statute of limitations for medical malpractice claims for both minors and adults by adding a statute of repose barring the bringing of an action against a health care provider more than seven years after the act or omission which gave rise to the cause of action. Annual Report of the Special Commission Relative to Medical Professional Liability Insurance and the Nature and Consequences of Medical Malpractice, dated January 12, 1987 (1987 House Doc. No. 5262).

Apart from the instructive legislative history of the statute, the language of the statute is plain and unambiguous. *Pyle* v. *School Committee of South Hadley*, 423 Mass. 283, 286 (1996). Here, the words of the statute are clear that "in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based . . . ."

Contrary to the plaintiff's contention, that interpretation is commensurate with the legislative purpose in adding a statute of repose to G. L. c. 231, § 60D, namely the reduction of the cost of malpractice insurance for health care professionals in order to insure affordable health care. Annual Report of the Special Commission Relative to Medical Professional Liability Insurance and the Nature and Consequences of Medical Malpractice, dated January 12, 1987 (1987 House Doc. No. 5262). Accordingly, the judge did not err in concluding that the plaintiff's action was barred by the repose provision of § 60D.

2. *Constitutional arguments.* At the outset, we note the plaintiff bears a heavy burden in seeking to overcome the presumption of constitutionality which attaches to an act of the Legislature. *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.*, 374 Mass. 181, 190 (1978). *Klein* v. *Catalano*, 386 Mass. 701, 706 (1982). A court will sustain economic and social remedial legislation if it has a permissible legislative objective and if the legislation bears a rational relationship to that objective. *City of New Orleans* v. *Dukes*, 427 U.S. 297, 303 (1976). *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.*, 374 Mass. at 190.

(a) *Due process.* The plaintiff argues that the statute as construed by the judge violates due process because it is unconstitutionally vague and infringes upon the rights of plaintiffs under the age of two to seek redress against medical

providers. The plaintiff bases her vagueness argument on the ground that the statute contains two contradictory provisions, the ninth birthday provision in the statute of limitations and the seven-year provision in the statute of repose. See *Commonwealth* v. *Gagnon*, 387 Mass. 567 (1982), cert. denied, 464 U.S. 815 (1985) (conflicting penalty provisions). As noted *supra*, however, the language of the statute is clear and unambiguous. The ninth birthday component of the limitation provision provides additional protection to minors whose cause of action for malpractice accrues before age six, but it does not supersede the repose provision which applies equally to all minors and bars any malpractice claim seven years after the act or omission giving rise to the cause of action.

In order for the plaintiff to sustain her second argument, that the statute, as construed, unconstitutionally infringes upon the due process rights of plaintiffs under two years of age, the plaintiff has the burden of showing under the Fourteenth Amendment to the Federal Constitution that the statute, as construed, does not bear a reasonable relationship to a permissible legislative objective. *Klein* v. *Catalano*, 386 Mass. at 707. Under the analogous provisions of the State Constitution,[5] the plaintiff bears the burden of demonstrating that the statute does not bear "a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare" (citations omitted). *Ibid.* There is little difference between the two standards. *Id.* at 707 n.6.

Here, as discussed above, the repose provisions were enacted to provide for the reduction in the cost of medical malpractice insurance in order to insure the availability of affordable health care by imposing a limitation on the duration of liability for all minors and adults alike. Interim Report of the Special Commission Established To Make an Investigation and Study of Medical Professional Liability Insurance and the Nature and Consequences of Medical Malpractice, dated January 8, 1976 (1976 House Doc. No. 4380), and Annual Report of the Special Commission Relative to Medical Professional Liability Insurance and the Nature and Consequences of Medical Malpractice, dated January 12, 1987 (1987 House Doc. No. 5262). Accordingly, § 60D is rationally related to a legitimate State interest and,

[5]"Articles 1, 10, and 12 of the Massachusetts Declaration of Rights are analogous to the due process clause of the Federal Constitution." *Klein* v. *Catalano*, 386 Mass. at 707 n.6.

therefore, satisfies both the Federal and State due process requirements. Compare *Klein* v. *Catalano*, 386 Mass. at 707-713.

(b) *Equal protection.* The plaintiff argues that the statute as construed by the judge does not satisfy the requirements of the equal protection clauses of the Federal and State Constitutions because § 60D treats medical malpractice plaintiffs injured between birth and age two differently than other minor plaintiffs who are under the age of six and there is no rational basis for this classification.

Absent a showing that the statute burdens a suspect group or fundamental interest, which has not been demonstrated in this case, *Massachusetts Bd. of Retirement* v. *Murgia*, 427 U.S. 307, 312 (1976); *English* v. *New England Med. Center, Inc.*, 405 Mass. 423, 428 (1989), cert. denied, 493 U.S. 1056 (1990), the statute must be upheld as long as it is rationally related to the furtherance of a legitimate State interest. *English, supra* at 428. Although we acknowledge that the limitation provision of the statute creates a difference in the treatment of minors dependent on their age, we disagree that the repose provision establishes two different classifications of minor malpractice plaintiffs based on their age. In fact, the repose provision does not distinguish between minors of varying ages. Rather, it distinguishes between medical malpractice plaintiffs and other tort plaintiffs. Because this distinction in their treatment is based on the Legislature's desire to reduce the cost of medical malpractice insurance in order to insure the availability of health care, there is, as noted, a rational basis for the classification related to a legitimate State interest. Consequently, § 60D satisfies the equal protection requirements of the State and Federal Constitutions.

(c) *Right to a remedy.* The plaintiff argues that the statute as construed violates the right to a remedy by recourse to the laws guaranteed by art. 11 of the Massachusetts Declaration of Rights. However, art. 11 has never been construed to grant to any person a vested interest in any rule of law entitling such person to insist that it shall remain unchanged. *Decker* v. *Black & Decker Mfg. Co.*, 389 Mass. 35, 44 (1983). Statutes modifying or abrogating common law rights do not violate art. 11. *Klein* v. *Catalano*, 386 Mass. at 712-713. *Soares* v. *Gotham Ink of New England, Inc.*, 32 Mass. App. Ct. 921, 923-924 (1992). The statute does not violate art. 11.

*Judgment affirmed.*