King, J.
Plaintiffs, Marlee Harlfinger and Robert Harlfinger (“plaintiffs”), on behalf of their son, Matthew Harlfinger, bring this action against defendant, Howard Martin, M.D. (“Dr. Martin”), seeking damages for Dr. Martin’s alleged malpractice. Dr. Martin now moves for summary judgment on the grounds that the statute of repose, G.L.c. 231, §60D, bars plaintiffs’ complaint. Plaintiffs respond that: (1) this case was filed within the statute of repose; and (2) G.L.c. 231, §60D, if applicable, violates the equal protection and due process clauses of the United States Constitution and the Massachusetts Declaration of Rights and interferes with plaintiffs’ access to the courts in violation of Article 11 of the Massachusetts Declaration of Rights. For the following reasons, Dr. Martin’s motion for summary judgment will be ALLOWED.
FACTS
The material facts are not in dispute. On June 26, 1989, four-year-old Matthew Harlfinger fractured his right elbow in a fall. He underwent an open reduction and lateral pin fixation of the lateral condylar fragment on June 29, 1989. On August 6, 1989, plaintiffs *429 brought Matthew to the Brockton Hospital where he was treated by Dr. Martin for the first time for a pin track infection. Dr. Martin removed the pins and performed an irrigation and debridgment. Thereafter, on August 16, 1989, Dr. Martin discharged Matthew from the hospital. Matthew visited Dr. Martin for follow-up care on August 18, September 13, and September 26, 1989. On September 26, 1989, plaintiffs expressed concern to Dr. Martin regarding the abnormal appearance of Matthew’s arm. Dr. Martin informed plaintiffs that Matthew’s arm was “fine,” that the abnormal appearance could take many years to improve, that he would have the physical therapist in his office work with Matthew, and that he would see Matthew in the future on an “as-needed basis.” Dr. Martin told Marlee Harlfinger that he would continue to monitor Matthew’s rehabilitation and therapy until Matthew was fully recovered.
Following Matthew’s final office visit with Dr. Martin on September 26, 1989, Matthew received physical therapy three times a week for several months from a physical therapist who worked within Dr. Martin’s office, “Dr. Martin and Orthopaedic Specialists, Inc.” Matthew’s last date of physical therapy was approximately January 26, 1990. In 1996, Matthew began complaining that he had a pain in his arm. As a result, plaintiffs took Matthew to another orthopedist who informed plaintiffs that Matthew’s arm never healed. On August 22, 1996, Dr. Alan Gray performed bone graft surgery to unite the fracture and prevent further deformity and loss of function. Plaintiffs instituted the present action on April 29, 1997, seven years and three months after Matthew was last treated in Dr. Martin’s office.
DISCUSSION
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, 424 Mass. 226, 232 (1997). A party moving for summary judgment who does not have the burden of proof at trial must either submit affirmative evidence negating an essential element of the non-moving party’s claim or demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The non-moving party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings but must set forth specific facts with affidavits, deposition transcripts, answers to interrogatories or admissions on file showing that there is a genuine issue of material fact for trial. Mass.R.Civ.P. 56 (c). LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Action Not Commenced Within Statute of Repose, G.L.c. 231, §60D
Plaintiffs assert that the negligent acts or omissions that caused Matthew’s injury were; (1) Dr. Martin’s failure to order x-rays to confirm that Matthew’s arm was healing; (2) Dr. Martin’s failure to warn plaintiffs about the risks associated with Matthew’s fracture; and (3) Dr. Martin’s failure to provide proper follow-up treatment by electing to follow Matthew on an “as needed basis.” These alleged omissions occurred between August 6, 1989, the first day Dr. Martin treated Matthew, and January 26, 1990, approximately the last day Matthew received physical therapy and thereby the last day Dr. Martin treated Matthew. Plaintiffs, however, assert that their subjective reliance on Dr. Martin’s statement that Matthew was healing “fine” coupled with his statement that he would follow Matthew on an “as needed basis” until Matthew was fully recovered renders Dr. Martin’s last date of treatment the day when plaintiffs decided to seek a second opinion in 1996. Consequently, plaintiffs argue that the seven-year statute of repose, codified in G.L.c. 231, §60D, began running not on January 26, 1990, but in 1996.
The statute of repose, G.L.c. 231, §60D,[2] bars a minor plaintiff under the age of six from recovery in a malpractice action if the plaintiff files the action more than seven years after the alleged negligence. However, where a foreign object is left in a minor plaintiffs body, the statute of repose does not apply. If the minor plaintiff is over the age of six when the malpractice occurred, the action must be filed within three years. Franklin v. Albert, 381 Mass. 611, 619 (1980) (discussing discovery rule). Thus, a minor plaintiff under the age of six who alleges medical malpractice, other than a foreign object being left in his or her body, as a result of an act or omission while the minor plaintiff was under the age of six, must commence his or her action within seven years of the alleged negligence, regardless of whether or not the plaintiff has discovered the injury; whereas a “foreign object” plaintiff must commence his or her action within three years of the date he or she “discovers” that negligence occurred.
Since the plaintiffs do not allege that Dr. Martin was negligent by leaving a foreign object in Matthew, the statute of repose is applicable to this cause of action. G.L.c. 231, §60D. Therefore, the pertinent question is whether plaintiffs’ cause of action accrued on January 26, 1990, in which case the statute of repose would bar their complaint which was filed more than seven years later on April 29, 1997, or whether their action accrued in 1996, thus surviving the statute of repose bar.
It is undisputed that plaintiffs knew that Matthew’s arm had not healed in August of 1996, if not before, less than seven years after the alleged negligence. On August 22, 1996, plaintiffs had five months to commence this action before the action was barred by the statute of repose. Thus, had plaintiffs promptly filed this action during those five months, rather than eight months after having discovered the alleged negligence, *430 the instant action would not be barred by the statute of repose.
A physician’s duty to a patient is determined by the nature of his employment. Shannon v. Ramsey, 288 Mass. 543, 547 (1934). In Shannon, a patient sued a doctor after the doctor had placed a cast on his broken leg. The patient claimed that the doctor failed to “continue to attend” to the patient after putting on the cast. Id. The court, in finding for the doctor, reasoned that a doctor’s duty is determined by the nature of his employment. Id. at 547-48. Since the doctor saw the patient only once and the evidence did not support a finding that their relationship was anything more than temporary, the court held that a duty to continue to attend to the plaintiff had not arisen because there was no implied general employment. Id. at 547.
Here, unlike the circumstances in Shannon, there is no dispute that Dr. Martin treated Matthew on more than one occasion creating an implied general employment relationship. Id. In fact, Dr. Martin treated Matthew four times from August 6 to September 26, 1989. On September 26, 1989, Dr. Martin determined that he would see Matthew only on an “as needed” basis. Following Matthew’s September 26, 1989 appointment with Dr. Martin, the physical therapist in Dr. Martin’s office treated Matthew three times a week for several months. On January 26, 1990, Matthew received physical therapy for the final time. There was no further contact between the plaintiffs and Dr. Martin. Given the nature of Dr. Martin’s employment, the evidence does not support a finding that the implied general employment relationship and the corresponding duty to “continue to attend” extended beyond January 26, 1990, the date of Matthew’s last physical therapy appointment.
Plaintiffs urge the court to expand this “continue to attend to” duty discussed in Shannon. Id. at 548. That is, that Dr. Martin had a duty to continue to attend to Matthew until he sought a second opinion in 1996. If the court were to accept plaintiffs’ interpretation of G.L.c. 231, §60D, the court would vitiate the Legislature’s intent to prevent indefinite duration of liability for doctors in order to provide affordable health care. Plummer v. Gillieson, 44 Mass.App.Ct. 578, 580-81 (1998).
In 1986 the Legislature enacted the statute of repose, St. 1986, c. 351, §23,[3] amending G.L.c. 231, §60D, in response to Franklin v. Albert, supra where the Supreme Judicial Court applied the discovery rule to the statute of limitations in a medical malpractice action, thereby indefinitely extending the time a physician could potentially be liable for past conduct. Plummer v. Gillieson, supra at 581.
The purpose of the statute of repose was to “counter the effect of the [Franklin] decision on the cost of malpractice insurance . . .” Plummer v. Gillieson, supra at 580-81. In other words, the Legislature intended to curtail the “indefinite liability” established by the Franklin decision with a hard and fast rule by enacting the statute of repose which promotes certainty in human affairs and establishes an ascertainable limit on tort liability. See Klein v. Catalano, 386 Mass. 701, 710 (1982) (discussing statute of repose found in G.L.c. 260, §2B). In sum, the common law in Massachusetts does not support the plaintiffs’ position that a doctor’s duty continues indefinitely. Shannon v. Ramsey, supra at 547. Accordingly, since plaintiffs failed to file the instant action within the statute of repose, plaintiffs’ action against Dr. Martin is barred.
II. Equal Protection
Plaintiffs argue that the statute of repose violates the equal protection clauses of the United States Constitution and the Massachusetts Declaration of Rights[4] because there is no rational basis to deny Matthew the benefit of the discovery rule while extending the rule to persons injured by a foreign object. In order for a plaintiff to prevail on an equal protection argument, a plaintiff must satisfy a two-prong test. First, the plaintiff must show that he has been subjected to a classification resulting in different treatment. Commonwealth v. Bastarache, 382 Mass. 86, 96 (1980).
To satisfy the first prong, a plaintiff must show that similarly situated people have been treated differently. Murphy v. Commissioner of the Dep’t of Indus. Accidents, 415 Mass. 218, 227 (1993). Here, it is undisputed that the statute of repose separates medical malpractice claimants into “foreign object” claimants and “non-foreign object” claimants.
Second, he must show that there is no rational relationship between the line drawn and a legitimate state interest. Thompson, petitioner 394 Mass. 502, 506-07, 509 (1985). Under this test, the plaintiff has an “onerous burden of proof’ in showing that a statute violates the equal protection clause. McSweeney v. Cambridge, 422 Mass. 648, 657 (1996), quoting Commonwealth v. Henry’s Drywall Co., 366 Mass. 539, 541 (1974). As long as there is any state of facts that reasonably may be conceived to justify the classification, the statute will be presumed constitutional. Dickerson v. Attorney General, 396 Mass. 740, 743 (1986).
To satisfy the second prong, the plaintiff must show that the classification discussed above is not reasonably related to a legitimate state interest. Thompson, petitioner, 394 Mass. at 506-07, 509. The Appeals Court has recognized that the Legislature enacted the statute of repose to reduce the cost of medical malpractice insurance to insure the availability of affordable health care. Plummer v. Franklin, supra at 582. Furthermore, in Plummer, the Appeals Court held that this reason, providing affordable health care, is a legitimate state interest. Id. at 582-83. Moreover, the classification created by the statute of repose can be justified because the presence of a foreign object in a *431 human body is irrefutable evidence of negligence. Choroszy v. Tso, 647 A.2d 803, 808 (MO. 1994). Thus, the statute of repose is rationally related to a legitimate state interest and does not violate the equal protection clauses of the United States Constitution or the Massachusetts Declaration of Rights.
Plaintiffs, in support of their argument, refer to a number of foreign statutes which their respective courts held as violative of equal protection guarantees. See Kenyon v. Hammer, 688 P.2d 961, 979 (Ariz. 1984); Austin v. Livak, 682 P.2d 41, 50 (Colo. 1984); Carson v. Maurer, 424 A.2d 825, 834 (N.H. 1980). For example, the Austin court held that a three-year statute of repose did not bear a rational relationship to the governmental interest in allowing individuals “any reasonable opportunity” to discover the act or omission that caused the injury. Austin v. Livak, supra at 50. Although arguments similar to those asserted by plaintiff here were successful in other jurisdictions, those foreign decisions are not persuasive because the Massachusetts statute of repose provides more than two or three times as much time for discovery of an injury as the statutes held unconstitutional in other jurisdictions. G.L.c. 231, §60D. See Kenyon v. Hammer, supra (three years); Carson v. Maurer, supra (two years).[5] Thus, there is a rational relationship between the extended limit of seven years and the state’s interest allowing for a reasonable period within which to discover the existence of negligence.
Plaintiffs’ reliance on Carson is misplaced. In Carson, the court held that a statute which subjected minors suing health care providers to the same two-year limitation period as adults did “not substantially further a legislative objective of containing . . . costs . . . because the number of malpractice claims brought by or on behalf of minors is comparatively small.” Id. However, even assuming that the number of claims brought by minors in Massachusetts is small, the objective of containing costs has been deemed a legitimate interest by the Massachusetts Legislature. Plummer v. Gillieson, supra at 582-83. So long as legislative enactments do not burden fundamental rights, which has not been shown here, Massachusetts courts do not sit as a “superlegislature to judge the wisdom or desirability of legislative policy determinations.” Klein v. Catalano, supra at 717-18 (citations omitted). As a result, the court concludes that the statute of repose is rationally related to a legitimate state interest and does not violate the equal protection clause of the United States Constitution or the Massachusetts Declaration of Rights.
III. Due Process
Plaintiffs argue that the statute of repose, as it applies to minors, also violates the due process clauses of the United States Constitution and the Massachusetts Declaration of Rights because the statute of repose deprives a minor plaintiff a remedy for medical malpractice. The due process clause of the United States Constitution is satisfied when it bears a “reasonable relation to a permissible legislative objective.” Klein v. Catalano, supra at 707. The analogous provisions[6] of the Massachusetts Declaration of Rights, Articles 1, 10, and 12, are satisfied when a statute “bears a real and substantial relation to the public health, safety, and morals, or some other phase of the general welfare.” Plummer v. Gillieson, supra at 582 (citations omitted).
As stated above, the statute of repose was enacted in order to provide affordable health care “by imposing a limitation on the duration of liability for all minors and adults alike.” Id. Following the reasoning which rejected plaintiffs’ equal protection argument, the court rejects plaintiffs’ due process argument because affordable health care is clearly a permissible state objective. Id. at 582-83. Therefore, it satisfies the due process requirements.
Plaintiffs, in constructing their due process argument, claim that the statute of repose was not necessary to combat the health care crisis of the 1970s and 1980s. Plaintiffs claim that the health care crisis was illusory and that the Legislature irrationally tried to control health care costs to improve access to health care. In support of their position plaintiffs also cite to Mominee v. Scherbarth, 503 N.E.2d 717, 722 (Ohio 1986). In Mominee, the court invalidated, on due process grounds, a statute which provided that either an adult or a minor with a malpractice claim had one year to file from the date the cause of action accrued or four years from the date the alleged malpractice occurred, whichever came first. Id. at 720. The court in Mominee reasoned that parents may not become aware of a child’s claim because of the child’s limited capacity to recognize and articulate physical problems and that there may not be a “parent or guardian, concerned or otherwise, in the minor’s life.” Id. at 721-22.
Massachusetts courts, however, as stated above, do not act as a superlegislature when the Legislature exercises its authority within a proper area. Klein v. Catalano, supra at 717-18 (citations omitted). The Appeals Court has already held that “§60D is rationally related to a legitimate state interest and, therefore, satisfies both the federal and state due process requirements.” Plummer v. Gillieson, supra at 582-83. Accordingly, the statute of repose, as it presently stands, bears a rational relation to a permissible legislative objective. Thus, it does not violate the due process clause.
In addition, plaintiffs allege that the statute of repose interferes with their access to the courts as provided by article 11 of the Massachusetts Declaration of Rights. “However, art. 11 has never been construed to grant to any person a vested interest in any rule of law entitling such person to insist that it shall *432 remain unchanged. Statutes modifying or abrogating common law rights do not violate art. 11.” Id. at 583. As a result, plaintiffs’ argument fails.
ORDER
For the foregoing reasons, defendant’s motion for summaryjudgment is hereby ALLOWED on all counts.
Accordingly, judgment shall enter in favor of the defendant.

General Laws c. 231, §60D provides, in relevant part: [A]ny claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or in tort, based on an alleged act, omission, or neglect shall be commenced within three years from the date the cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action maybe commenced, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body.

General Laws c. 231, §60D was enacted in 1975 setting forth the limitations period within which a minor could bring a claim against a health care provider for an alleged act, omission, or neglect. In 1986, the Legislature amended §60D to add the statute of repose found in the last clause of that section. The statute of limitations governs the time within which a legal claim must be filed after the cause of action accrues. Klein v. Catalano, 386 Mass. 701, 702 (1982). With respect to the limitations period, a cause of action accrues when a claimant knew or should have know that an injury occurred. Franklin v. Albert, 381 Mass. 618-19 (1980). The statute of repose governs the time within which an action may be brought and is not related to the accrual of the cause of action. Klein v. Catalano, supra at 702.

The equal protection clauses of United States Constitution and the Massachusetts Declaration of Rights are equivalent. Zeller v. Cantu, 395 Mass. 76, 83-84 (1985).

This court points out that the statute discussed in the Carson case was a statute of limitation that applied only to medical malpractice actions. Also, the court in Carson did not use “rational basis” test. The court in Carson used a "fair and substantial” test which is more difficult to satisfy than rational basis. Carson v. Maurer, supra at 833.

The Supreme Judicial Court has held that the Massachusetts Declaration of Rights provides the same amount of due process protection as does the United States Constitution. Hastings v. Comm’r of Correction, 424 Mass. 46, 51-52 (1997).