MINNESOTA LANDMARKS, et
al., Plaintiffs,

v.

M.A. MORTENSON COMPANY,
Defendant and Third-Party
Plaintiff, Appellant,

v.

EPI ARCHITECTURAL SYSTEMS, INC.,
Insulated Glass Specialties, Inc., Third-
Party Defendants, Respondents.

No. C0–90–2056.

Court of Appeals of Minnesota.

March 5, 1991.

Review Denied May 10, 1991.

Thomas Foley, Ramsey County Atty., C. David Dietz, Asst. County Atty., St. Paul, for Minnesota Landmarks, et al.

James Duffy O'Connor, Andrea M. Fike, Faegre & Benson, Minneapolis, for M.A. Mortenson Co.

Timothy R. Murphy, Julius W. Gernes, Geraghty, O'Loughlin & Kenney, St. Paul, for EPI Architectural Systems, Inc.

Robert W. Murnane, Stephen J. Rondestvedt, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for Insulated Glass Specialties, Inc.

Considered and decided by PARKER, P.J., and HUSPENI and KLAPHAKE, JJ.

## OPINION

PARKER, Judge.

The trial court granted third-party defendants' motions for summary judgment. The third-party plaintiff appeals.

## FACTS

Minnesota Landmarks contracted with M.A. Mortenson Company, a general contractor, to renovate the Landmark Center in St. Paul, Minnesota. Subsequently, Landmarks and Mortenson modified the original contract to include removal of the existing skylight and installation of a new skylight.

Mortenson entered into a subcontract agreement with EPI Architectural Systems, Inc., to replace the existing skylights. EPI then purchased the tempered glass skylight units from Insulated Glass Specialties, Inc. EPI installed the skylights and completed its work by summer of 1978.

In July 1979 two glass units of the skylights broke, falling into the open atrium below. In August 1979 another unit broke and fell. Upon Mortenson's request, EPI installed replacement panels provided by Insulated.

In August 1983 Mortenson learned that water condensation between the insulated panels caused them to fog and streak. EPI and Insulated began a series of tests and on-site inspections. The tests reached conflicting conclusions.

In April 1984 Insulated made its final inspections and offered its solutions. In July 1984 EPI concluded its testing.

On January 30, 1985, Landmarks and Mortenson entered into a "standstill agreement" which tolled the running of the statute of limitations on the skylight defects. Mortenson could recommence the running of the statute by providing Landmarks a 60-day written notice. EPI and Insulated did not enter this agreement or any similar agreement.

On May 12, 1989, Landmarks and Ramsey County commenced this action against Mortenson, seeking recovery for the defective skylights. Mortenson then brought a third-party complaint against EPI and Insulated, seeking contribution and indemnity.

## ISSUES

1. Does Mortenson's standstill agreement with Landmarks prevent Insulated and EPI from raising a statute of limitations defense as to Landmarks' claim in order to bar Mortenson's contribution and indemnity claim against them?

2. Does the 1988 or the 1980 version of Minn.Stat. § 541.051 apply to Mortenson's contribution and indemnity claim against EPI and Insulated?

3. Does Minn.Stat. § 336.2–725 bar a breach of warranty claim by Mortenson against Insulated?

## ANALYSIS

Minn.R.Civ.P. 56.03 provides that summary judgment shall be rendered if it is shown that "there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." On appeal from summary judgment, this court determines whether genuine issues of material fact exist and whether the trial court erred in applying the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (1979).

## I

■ Minn.R.Civ.P. 14.01 states:

The person so served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12. * * * The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim.

Rule 14.01 allows the third-party defendant to assert defenses against both the third-party plaintiff and the plaintiff. *See* 1 D Herr & R. Haydock, *Minnesota Practice* § 14.5, at 324 (1985).

■ The trial court held that the standstill agreement does not apply to the third-party defendants. The trial court allowed EPI and Insulated to assert against the plaintiff the statute of limitations defense which Mortenson had agreed to toll and granted them summary judgment on Mortenson's indemnity and contribution claims.

Under Rule 14.01, EPI and Insulated may raise any statute of limitations defense which the third-party plaintiff "has" to plaintiff's claim; in asserting this *derivative* defense, third-party defendants cannot place themselves in a better position than that held by Mortenson.[1] Mortenson did not presently "have" a statute of limitations defense against Landmarks, because it had signed the standstill agreement and had not yet lifted the tolling of the statute by serving the required 60–day notice.

Insulated argues that Landmarks and Mortenson should not be allowed to bind strangers to their agreement, but the third party defendant is granted the right to assert the defense of another only by Rule 14.01. A contract analysis is inapposite to construction of the rule.

In order to encourage settlement of these matters, the rules must afford time for parties to investigate and negotiate. The standstill agreement in this case allows the parties the opportunity to determine their probable exposure and to facilitate settlement without the expense of litigation. Mortenson and Landmarks made such an effort.

The business world and the construction bar recognize that general contractors must often sue subcontractors by means of third-party actions. Rule 14.01 facilitates appropriate legal procedure. The plaintiff and general contractor would be unable to explore settlement if an agreement tolling the statute of limitations barred the general contractor's third-party contribution and indemnity claims against his subcontractors. If a contractor could not agree to toll the statute of limitations, no contractor believing himself to have such a claim could be advised to enter such an agreement. A rush to the courthouse would result.

Minn.Stat. § 541.051 (1990) allows contractors to bring contribution and indemnity actions within two years of payment of a final judgment, arbitration award, or settlement arising out of a defective or unsafe condition. The legislative purpose of this section would commonly be frustrated if third-party defendants could then bar the contribution and indemnity claim by raising a statute of limitations defense against plaintiff which was unavailable to third-party plaintiff.

## II

■ Minn.Stat. § 541.051 governs the limitation of actions for damages based on construction to improve real property. Minn.Stat. § 541.051, subd. 1 (1990), which became effective April 25, 1988, provides a two-year statute of limitations. In an action for contribution or indemnity, the statute begins to accrue

upon payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition.

*Id.*

The version of this statute which was in effect from August 1, 1980, to April 25, 1988, also provided a two-year statute of limitations. Contribution or indemnity actions accrued upon the discovery of an un-

---

1. There may be an exception, as suggested in Wright & Miller, *Federal Practice and Procedure* § 1457, at 444 (1990), where collusion between plaintiff and defendant/third-party plaintiff prejudices the rights of third-party defendants.

safe or defective condition. *See* Minn.Stat. § 541.051 (1980). The trial court held that the 1980 version barred Mortenson's third-party contribution and indemnity claims against EPI and Insulated.

In *Calder v. City of Crystal*, 318 N.W.2d 838, 843 (Minn.1982), the supreme court discussed whether the 1980 version cured the constitutional defects of the prior version. The *Calder* court held that "our legislature did close the door to objection to the statute on equal protection grounds" which existed under the earlier version of the statute. *Id.* at 843. The Minnesota Supreme Court, however, indicated that the 1980 version would not fulfill due process requirements under the state constitution if a party were barred from having a reasonable time to join third parties for contribution or indemnity. *Id.* at 844.

The Minnesota Supreme Court held in *Ocel v. City of Eagan*, 402 N.W.2d 531 (Minn.1987), and *Bulau v. Hector Plumbing Co.*, 402 N.W.2d 528 (Minn.1987), that Minn.Stat. § 541.051, subd. 1 (1980), barred contribution actions commenced more than two years after the discovery of a defect. While the statute as applied in *Bulau* and *Ocel* did not violate the due process requirement, as the third-party plaintiffs had sufficient time to bring a contribution action, this case presents a possible due process challenge to Minn.Stat. § 541.051 (1980). The legislature may have tried to avoid this problem by amending this section in 1988.

The legislature specified that the 1988 version applies "to matters pending on or instituted on or after the effective date," April 25, 1988. Minnesota Laws ch. 607, § 3 (1988). In *Bogatzki v. Hoffman*, 430 N.W.2d 841, 845 (Minn.App.1988), *pet. for rev. denied* (Minn. Dec. 21, 1988), this court found that Minn.Stat. § 541.051 (1988) applied to a contribution and indemnity claim asserted on December 17, 1985. The action was timely because it was *pending* on the statute's effective date. *Id.*

Because Mortenson initiated its contribution and indemnity action against EPI and Insulated after April 25, 1988, the 1988 version revives Mortenson's contribution

and indemnity claim against Insulated and EPI.

### III

■ Mortenson seems to raise a breach of warranty claim against Insulated. Its complaint states:

> If anyone breached a contract, was negligent, or breached an express or implied warranty other than plaintiffs, it was the contractual breach, negligence or breach of warranty of Insulated that caused any damages to plaintiffs arising out of installation of the new skylight over the cortile area of the Landmark Center.

The trial court held this claim to be time-barred under Minn.Stat. § 336.2–725 (1990).

Minn.Stat. § 336.2–725 provides that a breach of warranty action "must be commenced within four years after the cause of action has accrued." "A cause of action accrues when the breach occurs." Minn. Stat. § 336.2–725, subd. 2. "A breach of warranty occurs when tender of delivery is made." *Id.*

Insulated tendered delivery of the panels more than ten years before this action began. Thus, if Mortenson brings a breach of warranty claim against Insulated, it is time-barred.

### DECISION

Insulated and EPI cannot bar Mortenson's contribution and indemnity action against them by raising a statute of limitations defense against plaintiff which Mortenson does not have. Minn.Stat. § 541.051 (1990) applies to Mortenson's contribution and indemnity claim, because the third-party action was commenced after the effective date of the statute. Mortenson's breach of warranty claim against Insulated is untimely.

Affirmed in part and reversed in part.