**Kent LARSON, et al., Appellants,**

v.

**BABCOCK & WILCOX, Respondent,**

**Detroit Stoker Company, Respondent.**

No. CX–94–1599.

Court of Appeals of Minnesota.

Dec. 27, 1994.

Jack G. Marcil, LaDonne R. Vik, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, for appellants.

Timothy J. McLarnan, James E. Nicolai, Gjevre, McLarnan, Hannaher, Vaa, Skatvold & McLarnan, Moorhead, for Babcock & Wilcox.

Steven J. Muth, Leo I. Brisbois, Stich, Angell, Kreidler & Muth, Minneapolis, for Detroit Stoker Co.

Considered and decided by CRIPPEN, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Kent Larson, Clifford Nelson, and Hugh Stadem challenge the summary judgment, arguing the district court erroneously determined that Minn.Stat. § 541.051 operates to bar their claim against respondents Detroit Stoker Company and Babcock & Wilcox. Larson, Nelson, and Stadem contend their claim is within a 1990 amendment to the statute that allows claims against suppliers of machinery or equipment. We affirm.

## FACTS

On September 17, 1990, Larson, Nelson, and Stadem were injured in a boiler explosion at the American Crystal Sugar plant in Crookston, Minnesota. The three men were burned when a door on the boiler's stoker suddenly opened while they were walking in front of the boiler system. They brought suit against Babcock & Wilcox, the designer of the boiler, and Detroit Stoker, the manufacturer of the boiler stoker. The construction and installation of the boiler system was substantially completed by 1953.

Babcock & Wilcox and Detroit Stoker moved for summary judgment, arguing that suit against them was barred under Minnesota's 10–year statute of repose for improvements to real property, Minn.Stat. § 541.051,

subd. 1(a) (1990). Larson, Nelson, and Stadem conceded the boiler and stoker were improvements to property, but argued that a 1990 amendment to the statute of repose, excepting manufacturers and suppliers of equipment or machinery, applied to their claim. 1990 Minn.Laws ch. 555, § 13. The district court granted summary judgment in favor of Babcock & Wilcox and Detroit Stoker, reasoning that any cause of action was barred before the 1990 amendment took effect.

## ISSUE

Did the trial court err in concluding that the 1990 amendment to a statute of repose was not retroactive and did not revive Larson, Nelson, and Stadem's claim?

## ANALYSIS

On an appeal from summary judgment, this court asks two questions:

(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Because the parties do not dispute any factual matters, the sole issue here is whether the trial court erred in applying Minn.Stat. § 541.051 (1990), a 10–year statute of repose. The statute provides:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials or observation of construction or construction of the improvement to real property * * * more than ten years after substantial completion of the construction.

*Id.,* subd. 1(a).

In 1990, subdivision 1(d) was added to the statute. It expressly excludes manufacturers or suppliers "of any equipment or machinery installed upon real property" from the protections of Minn.Stat. § 541.051. 1990 Minn. Laws ch. 555, § 13. Larson, Nelson, and Stadem argue that the boiler stoker is equip-

ment or machinery, so the amendment is applicable in this case and their claim is not barred. We disagree.

 Minnesota's statute of repose is modeled after a similar Virginia statute. Va. Code § 8.01–250. Additionally, the 1990 amendment to Minnesota's statute of repose is modeled after a similar 1973 amendment to Virginia's statute of repose. 1973 Va.Acts 247. Under Minnesota law, when a Minnesota statute is modeled after another state's statute, weight is accorded to the other state's interpretation of the statute. Minn. Stat. § 645.22 (1992); *see also Hunt v. Nevada State Bank,* 285 Minn. 77, 98, 172 N.W.2d 292, 305 (1969), *cert. denied,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970). It is therefore appropriate to look to cases involving Virginia's statute of repose.

"The time limitation in [a statute of repose] begins to run from the occurrence of an event unrelated to the accrual of a cause of action, and the expiration of the time extinguishes not only the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued."

*Dinh v. Rust Int'l Corp.,* 974 F.2d 500, 502 (4th Cir.1992) (quoting *School Bd. v. U.S. Gypsum Co.,* 234 Va. 32, 360 S.E.2d 325, 327–28 (1987)). Thus, any claims that could have been brought against Babcock & Wilcox or Detroit Stoker were barred 10 years after substantial completion of the plant. Babcock & Wilcox and Detroit Stoker have obtained a vested right not to be sued under the statute of repose. *See Firestone Tire & Rubber Co. v. Acosta,* 612 So.2d 1361, 1363–64 (Fla.1992) (repeal of statute of repose cannot affect defendant's vested right not to be sued).

 Larson, Nelson, and Stadem's claim may stand if it is revived by retroactive application of the 1990 amendment. No law shall be construed as retroactive unless the legislature clearly manifests such an intent. Minn.Stat. § 645.21. (1992). The legislature can constitutionally modify time limitations and thereby divest a party of previously obtained rights. *Independent School Dist. No. 197 v. W.R. Grace & Co.,* 752 F.Supp. 286, 298 (D.Minn.1990). In *Grace,* the statute clearly stated that it revived or extended

asbestos claims that would otherwise be barred. *Id.* at 292 (citing Minn.Stat. § 541.22, subd. 2). Here, however, there is no indication that the legislature intended retroactive application. *See Henry v. Raynor Mfg. Co.,* 753 F.Supp. 278, 282 (D.Minn. 1990) (there is no evidence that 1990 amendment to section 541.051 is to apply retroactively). Because the amendment to the statute of repose is not retroactive, Larson, Nelson, and Stadem's claim is not revived and thus is barred.

## DECISION

The trial court did not err by granting summary judgment to Babcock & Wilcox and Detroit Stoker. Larson, Nelson, and Stadem's claim is barred by the statute of repose, and the 1990 amendment to the statute cannot revive their claim.

Affirmed.