William B. WESTON, et al., Plaintiffs,

v.

McWILLIAMS & ASSOCIATES, INC.,
d/b/a Top Value Homes,
Appellant,

v.

Tappe Construction, Panelcraft of
Minnesota, Inc., et al., Windsor Window Company, Respondents.

No. A04–1251.

Court of Appeals of Minnesota.

April 12, 2005.

Scott M. Rusert, Andrea D. Kiehl, Flynn, Gaskins & Bennett, L.L.P., Minneapolis, MN, for appellant.

Michael D. Barrett, Cousineau, McGuire & Anderson, Minneapolis, MN, for respondent Tappe Construction.

Michael J. Tomsche, Teresa Gumerman, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, for respondent Panelcraft of Minnesota.

Michael P. North, Douglas D. McGhee, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN, for respondent Windsor Window Company.

Considered and decided by MINGE, Presiding Judge, WRIGHT, Judge, and CRIPPEN, Judge.

# OPINION

CRIPPEN, Judge.*

This appeal requires judicial interpretation of the statute of repose for claims premised on defective and unsafe real estate improvements. Appellant contends the ten-year statute (running from the date when construction is completed), because it limits when an action can "accrue," permits suits within the normal two-year limitation period in the eleventh or twelfth year after construction is completed, even though its claim accrued in fact after the ten-year anniversary. Determining that a proper interpretation of the statute requires this result, we reverse the summary judgment dismissing appellant's contribution and indemnity claims and remand the proceedings to the district court.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Under Minn.Stat. § 541.051, subd. 1(b) (2002), discussed more fully in our legal analysis of this case, a contribution or indemnity claim "accrues" "upon payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition."

## FACTS

In 1993, plaintiffs Weston and Schwalbe contracted with appellant Top Value Homes to build a home in Eagan. Top Value subcontracted with respondents Tappe Construction (framing), Panelcraft of Minnesota (siding), and Windsor Window Company (manufacturing windows). A certificate of occupancy was completed for the home on July 20, 1993.

In 2002, an inspector of the home found significant amounts of mold and believed the cause was water intrusion. This followed the deteriorating health of plaintiffs and their children. In May 2003, two months before the tenth anniversary of completion of the home construction, plaintiffs brought an action for damages against appellant Top Value. Appellant initiated contribution and indemnity action against respondents in March and April 2004, in the eleventh year after construction was completed. The contribution and indemnity claim had not ripened before the tenth year following construction.[1] Following motions premised on the statute of repose in Minn.Stat. § 541.051, subd. 1(a) (2002), the district court granted summary judgment to respondents.

## ISSUE

Did the district court correctly determine that Minn.Stat. § 541.051, subd. 1(a) (2002), bars initiation of a contribution and indemnity suit in the eleventh year after completion of construction?

## ANALYSIS

When reviewing the district court's summary judgment, we must determine

whether the court erred in its application of the law. *Larson v. Babcock & Wilcox,* 525 N.W.2d 589, 591 (Minn.App.1994) (announcing standards for review of decision on the facts and on the law).

■ Minn.Stat. § 541.051, subd. 1(a), limits actions and accrual of actions for injuries "arising out of the defective and unsafe condition of an improvement to real property," and for contribution and indemnity for damages sustained on account of these injuries. *Id.* Subject to conditions not relevant to this case, paragraph (a) prohibits an action more than two years after the injury is discovered "or, in the case of an action for contribution or indemnity, [after] accrual of the cause of action." *Id.* A subsequent clause of the paragraph states the period of repose: *"[N]or, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction." Id.* (emphasis added).

■ In the case of contribution and indemnity claims, the limitation period begins upon "accrual" of the cause of action. *Id.* Minn.Stat. § 541.051, subd. 1(b),[2] declares that "a cause of action accrues" under paragraph (a), in the case of an action for contribution and indemnity, upon "payment" on a claim arising out of the unsafe condition. *Id.*[3] An injury claim "accrues upon discovery of the injury," the time stated in paragraph (a) for the begin-

ning of the limitation period on these claims. *Id.*

We must determine the meaning of the subsequent clause of paragraph (a), stating that an action shall not "accrue" more than ten years after substantial completion of the construction.

The parties have not produced and we have not found legislative history relevant to the use of the "accrue" concept in the 1980 amendment of Minn.Stat. § 541.051. The original version of the limitations and repose provisions now found in Minn.Stat. § 541.051, subd. 1(a), was enacted in 1965, and this version was subsequently found to be unconstitutional for reasons not relevant to this case. *See Pac. Indem. Co. v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548, 555 (Minn.1977). The first version of the statute provided that no action "shall be brought" more than ten years after completion of construction. *See Calder v. City of Crystal,* 318 N.W.2d 838, 842–43 (Minn. 1982) (reviewing history of enactment and alteration of provision). The "accrue" concept for the repose clause first appeared in Minn.Stat. § 541.051, subd. 1 (1980). *Calder,* 318 N.W.2d at 843.

We also are unassisted in our interpretation of this repose statute by any precedents addressing the issue in this case. We observe but find no authority in mixed signals from appellate court dicta on this statute of repose. Thus, for example, we

**2.** Minn.Stat. § 541.051, subd. 1(b) (2002), provides: "For purposes of paragraph (a), a cause of action accrues upon discovery of the injury or, in the case of an action for contribution or indemnity, upon payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition."

**3.** This accrual provision in subdivision 1(b) adopts a standard previously recognized in appellate decisions. "[A]n action for contribution or indemnity does not accrue until one tortfeasor, commonly liable with at least one other tortfeasor, pays more than its share of the damage." *See Blomgren v. Marshall Mgmt. Servs., Inc.,* 483 N.W.2d 504, 506–07 (Minn.App.1992) (holding that common liability is not destroyed by the running of the statute of limitations on the plaintiff's claim against a joint tortfeasor). When such third-party action is brought, the contribution/indemnity claim is considered contingent upon the outcome of the original action. *Grothe v. Shaffer,* 305 Minn. 17, 25–26, 232 N.W.2d 227, 233 (1975).

note the observation of the supreme court that the repose provision of Minn.Stat. § 541.051, subd. 1(a), "specifies a limitation period barring suit more than 10 years after substantial completion of a real property improvement;" the court had no occasion when making this observation either to note the accrual concept or to determine the time when the statute operated to stop the period for suit. *Olmanson v. LeSueur County*, 693 N.W.2d 876, 880, n. 2 (Minn. 2005) (reviewing scope of claims subject to statute of repose);[4] *cf. Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 328 (8th Cir.1993) (when confirming lawful application of repose statute 20 years after construction, correctly paraphrasing statute as one on "accrual" of a cause and declaring that the cause "will be deemed accrued" under the statute "no later than" ten years after construction).[5]

Without explanation, the district court determined that because the "commencement by Top Value of its claim for third-party contribution" occurred more than ten years after completion of construction,

"the clock had run on the period of repose" and its claims were "extinguished."

At least two things are evident upon initially examining the statute at issue in this case. First, it is a statute of repose added to the statute of limitation, declaring an ultimate repose of an injury action or a contribution or indemnity action, regardless of when the cause of action arises. *See Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 454 (Minn.1988); *see also Koes v. Advanced Design, Inc.*, 636 N.W.2d 352, 357 (Minn.App.2001) (determining date of discovery for a statute of limitations, and noting common effect of repose statutes to ultimately bar some litigation of claims before injuries are ever discovered), *review denied* (Minn. Feb. 19, 2002).[6]

■ Second, this is not a "typical" statute of repose.[7] Although the "nor" clause might be expected to state a date of repose for the time when an action "shall be brought" (the verbs employed in the preceding limitations clause of the sentence), the repose clause says instead that the

4. In similar fashion, the supreme court noted earlier that this statute of repose establishes "finite period of time in which actions against certain parties may be brought." *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 454 (Minn.1988) (approving constitutionality of statute in circumstances where injuries occurred more than 18 years after completion of construction).

5. As already noted, prior to 1980, Minn.Stat. § 541.051, subd. 1, specifically stated the "shall be brought" requirement for both the limitations and the repose provisions. Reflecting this version, and with no occasion for applying or addressing the "accrue" concept in the 1980 amendment, other dicta in several opinions states that the repose provision provides when a suit can be commenced. *See Larson*, 525 N.W.2d at 591 (reviewing application of statute 37 years after completion of construction); *see also Lourdes High Sch. of Rochester, Inc. v. Sheffield Brick & Tile Co.*, 870 F.2d 443, 445 (8th Cir.1989) (choosing

Minnesota law in case where injuries were discovered 25 years after construction); *Bethesda Lutheran Church v. Twin City Constr. Co.*, 356 N.W.2d 344, 352 (Minn.App.1984) (review on two-year statute of limitations), *review denied* (Minn. Feb. 5, 1985).

6. This dicta of *Koes* speaks of the repose statute of Minn.Stat. § 541.051, subd. 1(a), but addresses only its ultimate potential to defeat litigation, without having occasion to address the time parameters it announces.

7. "A typical statute of repose will specify a presumptive number of years after which an action cannot be brought." *Olmanson*, 693 N.W.2d at 880 (reviewing claims subject to relevant statute of repose; quoting *Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 830 (Minn.1988) (reviewing "useful life" defense in products liability statute, Minn.Stat. § 604.03 (1986), and contrasting this with "typical" statute of repose)).

cause of action must "accrue" no later than ten years after construction is completed. Minn.Stat. § 541.051, subd. 1(a). In the limitations portion of the statute, the date of accrual is the date the limitations period begins. For an injury claim, the date of this significant accruing is designated as the date of discovery. Minn.Stat. § 541.051, subd. 1(a), (b). For a contribution/indemnity claim, the beginning date of the limitations period is designated only as the date of "accrual," and this is defined in the next subparagraph as the payment event that gives rise to the contribution claim. *Id.*, subd. 1(b).

In the case of either an injury claim or a contribution/indemnity claim, the repose clause begs for clarity as to an ultimate time limit that the statute addresses in terms of the event when a claim "accrue[s]." As evident in the case now on appeal, this effort to interpret the meaning and effect of the word "accrue" will dwell particularly on the matter of claims that accrue in fact after the tenth year following completion of construction. Because of another part of the statutory scheme, we need not imagine the potential for bringing a suit after year twelve; Minn.Stat. § 541.051, subd. 2 (2002), provides that no action of the kind addressed by subdivision 1 may "be brought" more than 12 years after construction is completed.[8]

As the parties appreciate in this case, there are conflicting inferences that might be attributed to this statute of repose for a late-arising claim, one that ripens after the stated ten-year anniversary date.

On the one hand, it might be inferred from the statutory language that the claim never accrues, that no suit can ever be brought if the claim accrues in fact in year eleven or twelve. The statute does not speak of the bringing of a suit, but this limit on suing can fairly be inferred from the notion that accrual is not to occur after the tenth year. And this reading does no offense to the prospect for suits in year eleven and year twelve, for claims that have accrued within ten years, and the concept does not conflict with a stated limit against suits after year twelve.

On the other hand, it might as reasonably be inferred, although also not expressed, that ripening of the cause is deemed by law to occur at the end of the tenth year, and that no action on the claim can be brought after the end of year twelve, when the relevant statute of limitations will have expired. As already observed, the statute does not contain an express bar against the conduct of litigants, the bringing of an action, and its reference instead to a concept of law, the occurrence of accrual, begs as well for this conflicting inference.

Based on numerous considerations, we determine that the second inference, accrual deemed no later than the end of year ten, is compelling and must be declared a matter of law.

### A. Accrual

Standards of interpretation dictate attention to the fact that this legislature and others commonly use the concept of "shall be brought" in statement of statutes of limitation and repose, and we must adjudge as deliberate the choice of the 1980 Minnesota Legislature against expressing

8. Minn.Stat. § 541.051, subd. 2, provides as follows:

> **Action allowed; limitation.** Notwithstanding the provisions of subdivision 1, in the case of an action which accrues during the ninth or tenth year after substantial completion of the construction, an action to recover damages may be brought within two years after the date on which the action accrued, but in no event may an action be brought more than 12 years after substantial completion of the construction.

an end of the time to sue. The legislature chose instead to state a distinctly different concept of accrual. Minn.Stat. § 645.16(5) (2002) (requiring attention to legislation on similar subjects).[9] The right to sue is not addressed by the repose clause of subdivision 1(a).

Although there are no prior appellate decisions that review the issue in this case, the supreme court has addressed the concept of accrual and distinguished it from the right to sue; this occurred in an opinion stating the court's holding that a contribution claim can be brought before accrual occurs. *See Calder*, 318 N.W.2d at 842 (observing that contribution claimant, although its claim was not accrued, was free to state its claim for over a year before enactment of statute barring its action, making "hollow" its cry of unfairness in application of the statute).[10] Subdivision 1(a) addresses the significance of accrual but is silent on the right to sue.

Finally, we are mindful that it is commonplace to speak of the date of accrual as the occasion when statutes of limitations begin to run. Accordingly, the legislature provided that the two-year statute of limitations begins to run when contribution or indemnity actions accrue. The concept signals the beginning of a limitations period, not the end date for the validity of a claim. *See Minnesota Landmarks v. M.A. Mortenson Co.*, 466 N.W.2d 413, 415–16 (Minn.App.1991) (application of limitations statute to contribution and indemnity claim), *review denied* (Minn. May 10, 1991).

## B. Bringing Suit

In contrast with subdivision 1, the right to sue is expressly addressed in Minn.Stat. § 541.051, subd. 2, which deals with the conduct of bringing suit and bars initiation of a legal action after year twelve following the completion of construction. Thus, when examining the repose language of subdivision 1(a), we are mindful that section 541.051 expressly contemplates that suit may occur in years eleven and twelve. Minn.Stat. § 541.051, subd. 2, complements the statement of a two-year period to sue after accrual of a contribution and indemnity claim. Minn.Stat. § 541.051, subd. 1(a).[11]

Taking into account these plain-meaning observations of Minn.Stat. § 541.051, we also remember that we are compelled to avoid an absurd interpretation. Thus, we anticipate cases where injuries covered by the section are discovered, for example, in the ninth or tenth year after construction, but the cause of action is not brought until year eleven or year twelve. In cases of this kind, an interpretation barring a contribution or indemnity action after the tenth year prospectively destroys the right to assert such a claim before the contribution claimant has any opportunity to learn that a meritorious claim of an injured par-

9. For example, we note Minn.Stat. § 541.052 (2002) (liability for land survey error), enacted in 1986, setting both the limitations period and the ten-year repose period in reference to the act of bringing suit. This statute resembles the 1965 version of Minn.Stat. § 541.051, subd. 1. *See supra* note 5.

10. *Calder* applied the statute of repose in Minn.Stat. § 541.051, subd. 1(a), after its re-enactment in 1980, but not in circumstances pertinent to the immediate case. In *Calder*, the contribution claim had not yet accrued when the case was decided in 1982, but the completion-of-construction date was 24 years earlier, in 1958. 318 N.W.2d at 839–40.

11. This subdivision assists in our interpretation, but does not directly resolve the issue of this case. Although the provision permits suits in years eleven and twelve, it does not expressly determine that this affects actions accrued either before year ten, at the end of year ten, or later.

ty has arisen. *See* Minn.Stat. § 645.16(6) (2002) (requiring attention to the consequences of interpretation); *see also* Minn. Stat. § 645.17(1) (2002) (declaring legislative intent against the absurd or unreasonable).

### C. Narrow Construction

Although it is not singularly critical, we give weight while deliberating on these considerations to the demand of the supreme court for strict construction of the unique provisions of Minn.Stat. § 541.051 (2002). *See Kittson County v. Wells, Denbrook & Assocs.*, 308 Minn. 237, 240–41, 241 N.W.2d 799, 801 (1976) (contrasting the approach to this statute with the liberal construction previously accorded statutes of limitations "as embodying important public policy in barring stale claims"). This rule of construction was premised on uncertainty in the scope of Minn.Stat. § 541.051, the resulting risk that persons affected by its terms may not be fairly apprised of its application to their decisions, and the potential harsh result for affected persons. *Id.* These are reasons that are applicable to the kind of question at issue in this case.

Based on these considerations, we conclude that the statute of repose deems accrual of appellant's contribution and indemnity claims to have occurred at the end of the tenth year following completion of construction in 1993. Because the statute of limitations permits commencement of action on the claims in the following two years, appellant's actions against respondents in 2004 were timely.

In the absence of relief by interpretation of the statute of repose, appellant states cause for permitting its contribution and indemnity actions under general principles of equity and justice. Because the district court's judgment is reversed under the statute, we need not reach this issue.

Based on the plain language of the statute and our foregoing analysis, we reject as without merit appellant's additional argument, its assertion that the "repose" language of Minn.Stat. § 541.051, subd. 1(a), addresses only injury claims and not claims for contribution and indemnity.

### DECISION

Because appellant's suit on its claims of contribution and indemnity occurred within the parameters of Minn.Stat. § 541.051 (2002), and thus was timely, we reverse the district court's summary judgment and remand for further proceedings in the case.

**Reversed and remanded.**

