TRI–STATE INSURANCE COMPANY
OF MINNESOTA, Appellant,

v.

Kate BOUMA, Respondent.

No. 51873.

Supreme Court of Minnesota.

June 12, 1981.

Blaufuss & Stoneberg, Marshall, for appellant.

O'Neill, O'Neill & Barduson, Pipestone, for respondent.

SCOTT, Justice.

At issue on this appeal are whether Minn. Stat. § 176.179 (1974), effective August 1, 1974, is applicable to bar recovery of an overpayment made in February 1975 for workers' compensation benefits to an employee injured in 1973 and, if so, whether the statute is unconstitutional. We affirm the decision of the trial court that the statute is applicable and is valid.

Defendant sustained an injury admittedly arising out of and in the course of her employment in February 1973. Plaintiff, her employer's compensation carrier, accepted liability and paid her for temporary and permanent partial disability. Subsequently, in February 1975 due to a mistake plaintiff issued defendant a check for $4,751.04 for additional permanent partial disability. When plaintiff discovered the error, it brought this action for restitution. Defendant raised as a defense Minn.Stat. § 176.179 (1974), which provides:

> Notwithstanding section 176.521, subdivision 3, or any other provision of this chapter to the contrary, no lump sum or weekly payment, or settlement, which is voluntarily paid to an injured employee or the survivors of a deceased employee in apparent or seeming accordance with the provisions of this chapter by an employer or insurer, or is paid pursuant to an order of the commission relative to a claim by an injured employee or his survivors, and received in good faith by the employee or his survivors shall be refunded to the paying employer or insurer in the event that it is subsequently determined that such payment was made under a mistake in fact or law by the employer or insurer.

Upon plaintiff's motion for summary judgment the parties stipulated that the payment was issued through clerical error but in apparent or seeming accordance with the provisions of the Workers' Compensation Act and that defendant received and negotiated the check in good faith. Based on these facts the trial court denied plaintiff's motion and directed that judgment be entered for defendant. Plaintiff appealed, contending (1) that the statute does not apply because the parties' rights and obligations were fixed by the law in effect on February 6, 1973, the date of defendant's injury, and (2) that the statute contravenes several constitutional provisions. These claims present issues of first impression although in *Kealy v. St. Paul Housing & Redevelopment Authority*, 303 N.W.2d 468 (Minn.1981), we examined an analogous issue. In *Kealy* we held that even though

the Workers' Compensation Court of Appeals had employed an incorrect formula in distributing proceeds of a third-party recovery between an employee and employer, other employers who had received less from third-party recoveries than the correct formula would not be allowed to seek recalculation of the amounts due them.

■ Plaintiff's first contention requires little comment. Although it is well settled that the law in effect on the date of injury governs an employee's right to compensation and his employer's liability for it, this principle is not applicable since section 176.-179 neither enlarges an employee's right to receive compensation nor increases an employer's liability to pay it. Instead, the statute relates only to mistaken payment and directs that when the specified conditions—the making of a voluntary payment to an injured employee in apparent or seeming accordance with the Workers' Compensation Act and the employee's acceptance of the payment in good faith—exist, the payment shall not be refunded. Since the parties have stipulated that these conditions are present, and there is no question that the mistaken payment was made subsequent to the effective date of the statute, it is clearly available as a defense to this action for restitution. The fact that the mistaken payment was made subsequent to the effective date of the statute similarly destroys plaintiff's argument that its application results in an impairment of a contract obligation in violation of Minn.Const. Art. 1, § 11.

Plaintiff urges, however, that section 176.179 contravenes Minn.Const. Art. 1, § 8, which provides that "[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property or character." It cannot be denied that when the conditions prescribed in the statute are satisfied, an employer or insurer who makes a payment through mistake is denied the remedy of an action founded on unjust enrichment. But this court refused many years ago to hold that this constitutional provision was an

absolute limitation on the legislature's power to determine both the form and the measure of the remedy for a wrong. *Allen v. Pioneer-Press Co.*, 40 Minn. 117, 41 N.W. 936 (1889). It is obvious that the statute, by setting forth the specific conditions under which a refund of a mistaken payment cannot be required, leaves the remedy of restitution available in many, perhaps most, cases.

Plaintiff relies on *Carlson v. Smogard*, 298 Minn. 362, 215 N.W.2d 615 (1974), in which this court held that by extinguishing a third-party tortfeasor's common-law right of indemnity against a negligent employer without providing a reasonable substitute Minn.Stat. § 176.061, subd. 10 (1974) violated Minn.Const. Art. 1, § 8, and the due process clauses of U.S.Const. Amend. XIV and Minn.Const. Art. 1, § 7. In that case we stressed that the Workers' Compensation Act was intended to control only the rights of employer and employee. In this case the only parties are the compensation insurer and the employee, parties whose relationship is governed by the Workers' Compensation Act.

In other cases, we have recognized that the legislature could constitutionally abrogate a common-law right without providing a reasonable substitute if it is pursuing a permissible, legitimate legislative objective. *See Tracy v. Streater/Litton Industries*, 283 N.W.2d 909 (Minn.1979); *Haney v. International Harvester Co.*, 294 Minn. 375, 201 N.W.2d 140 (1972). Consideration of section 176.179, which appears to represent the judgment of the legislature that the general welfare is promoted by not placing upon an injured employee the probable hardship of reimbursing an overpayment received in good faith due to a mistake over which he had no control, leads us to the conclusion that it embodies a permissible legislative objective which does not contravene Minn.Const. Art. 1, § 8, nor transgress the requirement of fundamental fairness inherent in the due process requirements of the fourteenth amendment of the United States Constitution and Article 1, § 7, of the Minnesota Constitution.

Affirmed.