**Alice Henningsen and Leroy Henningsen, Plaintiffs,**

v.

**EASTERN IOWA PROPANE, LTD., Appellant,**

v.

**HONEYWELL, INC., Appellee.**

No. 01–0649.

Supreme Court of Iowa.

Oct. 9, 2002.

Frank A. Dvorak of Foley & Mansfield, P.L.L.P., Minneapolis, Minnesota, and Richard S. Fry and Diane Kutzko of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellant.

Jeannine L. Lee, George W. Flynn, and Jennifer F. Rosemark of Flynn & Gaskins, L.L.P., Minneapolis, Minnesota, and Frank A. Comito of Gaudineer & Comito, L.L.P., West Des Moines, for appellee.

LARSON, Justice.

Alice and Leroy Henningsen sued their propane supplier, Eastern Iowa Propane, Ltd. (EIP), for damages to their home when their propane furnace exploded. EIP in turn sued Honeywell, Inc., the manufacturer of a gas valve in the furnace, for contribution or indemnity. Honeywell moved for summary judgment, based on Iowa Code section 614.1(11) (1999) (statute of repose for improvements to real property). The district court granted Honeywell's motion, and EIP appealed. We affirm.

## I. *Facts and Prior Proceedings.*

On December 29, 1999, an explosion occurred at the Henningsens' residence when a serviceman from EIP attempted to relight the pilot light on their furnace. The explosion damaged the Henningsen residence. Henningsens sued EIP, alleging, among other things, that EIP failed to check for leaks in the system before relighting the furnace. EIP in turn claimed Honeywell had furnished a defective gas valve for the furnace. It is undisputed that the Henningsens' Green Colonial propane furnace was equipped with a Honeywell gas control valve. The valve controlled the flow of gas to the pilot light and the burners of the furnace. Honeywell manufactured the valve in 1968. Honeywell recalled this model of valve in 1980 and notified gas suppliers that these models should be replaced. For some reason, the valve involved in this case was never replaced.

On November 20, 2000, Honeywell filed a summary judgment motion to dismiss all claims against it, based on Iowa Code section 614.1(11), a fifteen-year statute of repose under which the time is to be computed "after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death." Iowa Code § 614.1(11). This section includes injury to property as an "injury." *Id.* In resistance to Honeywell's motion for summary judgment, EIP argued that Iowa Code section 614.1(2A), a general statute of repose covering products liability, should apply instead. Section 614.1(2A) excepts from the fifteen-year period of repose all actions for contribution or indemnity—which is what EIP is seeking here.

Under Iowa Code section 614.1,

[a]ctions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

. . . .

2A. *With respect to products.*

*a.* Those founded on the death of a person or injuries to the person or property brought against the manufacturer . . . of a product . . . based on the theories of strict liability in tort, negligence, or breach of an implied warranty shall not be commenced more than fifteen

years after the product was first purchased, leased, bailed, or installed for use or consumption unless expressly warranted for a longer period of time by the manufacturer. . . . *This subsection shall not affect the time during which a person found liable may seek and obtain contribution or indemnity from another person whose actual fault caused a product to be defective.*

(Emphasis added.) A later provision in Iowa Code section 614.1(2A) provides additional exceptions to the period of repose based on (1) a "discovery" rule for latent injuries and (2) those products covered by section 614.1(11). We will discuss these exceptions later.

Most important to EIP is the provision in section 614.1(2A) that actions for contribution or indemnity "from another person whose actual fault caused a product to be defective" may be allowed even beyond the fifteen-year period of repose. EIP contends that Honeywell is a party "whose actual fault" caused the defect, and the statute of repose under section 614.1(2A) does not outlaw EIP's claims for contribution or indemnity against Honeywell.

As an alternative argument, EIP contends that, if section 614.1(11), rather than section 614.1(2A) applies, the period of repose begins when the product was installed, not when it left Honeywell. Summary judgment therefore was not appropriate because a question of fact existed about when the Honeywell gas valve was installed in the Henningsens' furnace. We dispose of this argument summarily. Iowa Code section 614.1(11) provides:

*Improvements to real property.* In addition to limitations contained elsewhere in this section, an action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty and for contribution and indemnity, and founded on

injury to property, real or personal, or injury to the person or wrongful death, shall not be brought more than fifteen years after the *date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death.* However, this subsection does not bar an action against a person solely in the person's capacity as an owner, occupant, or operator of an improvement to real property.

(Emphasis added.)

■ Applying section 614.1(11) to this case, we conclude the "act or omission of the defendant alleged . . . to have been the cause of the injury or death," is Honeywell's manufacture of the valve—not the installation, which, according to the record, was not even done by Honeywell. Honeywell manufactured the valve in 1968, and that is when the fifteen-year period of repose began.

■ The critical issue is whether Iowa Code section 614.1(2A), which expressly *excludes* actions for contribution or indemnity, or section 614.1(11), which expressly *includes* such actions, is the proper statute to be applied. For the reasons that follow, we conclude section 614.1(11) is the appropriate statute.

Our analysis must begin with *Krull v. Thermogas Co.,* 522 N.W.2d 607 (Iowa 1994), a case decided under Iowa Code section 614.1(11). In *Krull* a propane supplier sued Honeywell, the manufacturer of the valve alleged to have caused the fire. (In fact, the valve in that case was the same one as is involved in the present case.) In *Krull* we rejected the argument that "products" such as gas valves in furnaces could not be improvements to real estate and therefore were not intended to be covered by Iowa Code section 614.1(11). We concluded that, when products are attached, they become improvements to real

estate just as any other building components because the statute did not provide an exception for such attachments. *Krull,* 522 N.W.2d at 612. We adopted this test for determining if an attached product is an improvement under the statute: (1) does it enhance the value of the real estate, (2) does it involve the expenditure of labor or money, and (3) was the product intended to make the property more useful or valuable? We concluded that the valve met all of these tests. *Id.* In *Tallman v. W.R. Grace & Co.,* 558 N.W.2d 208 (Iowa 1997), we referred to the "attachment" rule as a bright-line rule, and we reaffirmed it as adopted in *Krull. Tallman,* 558 N.W.2d at 211.

In this case, it is undisputed that the gas valve was installed in the furnace and thus was an "improvement" under section 614.1(11). EIP argues, however, that *Tallman* and *Krull* are no longer controlling because, after those cases were decided, the legislature enacted section 614.1(2A). In fact, EIP claims the intent of the General Assembly must have been to legislatively overrule *Krull* and *Tallman.* However, nothing in the newer statute of repose, § 614.1(2A), suggests it applies at all to products attached to real estate; it is rather a statute of repose applicable to products generally. Section 614.1(2A), moreover, does not purport to supplant section 614.1(11) in cases involving products attached to real estate.

■ In fact, we believe subsection 2A provides the whole subsection is inapplicable to cases covered by section 614.1(11). Section 614.1(2A)(b)(1) states:

The fifteen-year limitation in paragraph *"a"* shall not apply to the time period in which to discover a disease that is latent and caused by exposure to a harmful material, in which event the cause of action shall be deemed to have accrued when the disease and such disease's cause have been made known to the person or at the point the person should have been aware of the disease and such disease's cause. *This subsection shall not apply to cases governed by section 614.1, subsection 11.*

(Emphasis added.) Section 614.1(2A)(b)(1) states "this subsection" does not apply to cases under section 614.1(11). Does this mean that only the latent-injury portion of section 614.1(2A)(b)(1) shall not apply to section 614.1(11) cases? Or, does it mean that *all* of section 614.1(2A) is inapplicable in cases covered by section 614.1(11)? We believe it means the latter. The two concepts under section 614.1(2A)(b)(1) (the discovery rule in latent-injury cases) and the "nonapplication" of section 614.1(11) have no logical connection. We believe "this subsection" in the just-quoted language refers to the entire statute of repose under section 614.1(2A) and not just the latent-injury provisions under section 614.1(2A)(b)(1). We say that because it makes no sense to tie a latent-injury discovery rule to a statute of repose for attachments to real estate. We also reach that conclusion because of the legislature's method of constructing statutes. On page ix of the Code of Iowa, in an unnumbered paragraph, this provision is found:

Chapters of the Code are cited as whole numerals; as chapter 180 or chapter 180G.

Sections are cited as decimal numerals; as section 180.5 or section 180G.54. Occasionally, sections are divided into subsections as 1., 2., 3., etc.; subsections into paragraphs *a, b, c,* etc.; paragraphs into subparagraphs as (1), (2), (3), etc.; and subparagraphs into subparagraph subdivisions as (a), (b), (c), etc. Example: section 180G.54, subsection 1, paragraph *"a",* subparagraph (3), subparagraph subdivision (a). This

may be abbreviated as [section] 180G.54[1] "*a*" [(3)(a)] or [1 *a* (3)(a)].

Under this system of organization, Iowa Code section 614.1(2A) is a "subsection." The provision in question, section 614.1(2A)(b)(1), is not a subsection; it is a subparagraph. If the legislature had wanted to limit the exception for section 614.1(11) cases to latent-injury cases, it would have referred to "this subparagraph"—not "this subsection." Because section 614.1(2A)(b)(1) says "[t]his *subsection* shall not apply to cases governed by section 614 subsection 1.11," (emphasis added), we believe the legislature intended to make *all* of section 614.1(2A) inapplicable to cases involving products covered by section 614.1(11). Because this case involves a product attached to real estate, it is controlled by section 614.1(11), not section 614.1(2A). The third-party plaintiff's claims of contribution or indemnity are therefore subject to the fifteen-year statute of repose.

## II. *The Constitutional Argument.*

■ EIP argues that, if section 614.1(11) covers this case, EIP should prevail in any event because this section is an unconstitutional denial of equal protection under the Iowa Constitution. We rejected an identical argument in *Krull,* 522 N.W.2d at 613–14. However, EIP argues that *Krull* is distinguishable because it did not involve the "interplay between Iowa Code §§ 614.1(2A) and (11)." For the reasons previously discussed, Iowa Code section 614.1(2A) does not apply to products attached to real estate, so there can be no "interplay" between that section and section 614.1(11). We affirm the holding of *Krull* that section 614.1(11) does not deny claimants their constitutional right to equal protection.

We find no grounds for reversal and therefore affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except CARTER, J., who takes no part.