William B. WESTON, et al., Plaintiffs,

v.

McWILLIAMS & ASSOCIATES, INC.,
d/b/a Top Value Homes,
Respondent,

v.

Tappe Construction, Appellant,

Panelcraft of Minnesota, Inc.,
et al., Appellants,

Windsor Window Company, Appellant.

No. A04–1251.

Supreme Court of Minnesota.

June 29, 2006.

Michael D. Barrett, Andrea E. Reisbord, Cousineau, McGuire & Anderson Chartered, Minneapolis, MN, for Appellant Tappe Construction.

Michael P. North, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN, for Appellant Windsor Window Company.

Michael Tomsche, Teresa Gumerman, Tomsche, Sonnesyn & Tomsche, P.A., for Appellants Jeffrey Johnson and Panelcraft of Minnesota, Inc.

Scott M. Rusert, Andrea D. Kiehl, Flynn, Gaskins & Bennett, L.L.P., Minneapolis, MN, for Respondent.

## OPINION

HANSON, Justice.

This appeal requires us to determine the proper application of the statute of repose to contribution and indemnity claims by a general contractor against subcontractors or material suppliers arising out of an improvement to real property. The statute of repose applicable here is the 2002 version of section 541.051, which provides in part as follows:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury or, in the case of an action for contribution or indemnity, accrual of the cause of action, nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

Minn.Stat. § 541.051, subd. 1(a) (2002).

Respondent McWilliams & Associates, Inc., d/b/a Top Value Homes, a general contractor (hereinafter "Top Value"), was sued in May 2003 for damages when a home it completed in July 1993 developed

water-intrusion and mold problems. In March 2004, Top Value brought contribution and indemnity claims against subcontractors and a supplier who had contributed to the construction of the home. The Dakota County District Court held that Top Value's contribution and indemnity claims were extinguished by the statute of repose and granted summary judgment to the subcontractors and supplier. The court of appeals reversed, holding that claims for contribution and indemnity that have not otherwise accrued within 10 years of completion of construction will be deemed to have accrued in the tenth year, thus triggering the extension feature of subdivision 2 of section 541.051 that provides as follows:

> Notwithstanding the provisions of subdivision 1, in the case of an action which accrues during the ninth or tenth year after substantial completion of the construction, an action to recover damages may be brought within two years after the date on which the action accrued, but in no event may an action be brought more than 12 years after substantial completion of the construction.

*Weston v. McWilliams & Assocs.*, 694 N.W.2d 558, 562–64 (Minn.App.2005). We reverse the court of appeals and reinstate the district court's summary judgment.

The parties do not dispute the underlying facts. William Weston contracted with Top Value to build a home in Eagan. Tappe Construction was the framing, carpentry, and window-installation subcontractor; Panelcraft installed the siding; and Windsor Window Company manufactured the windows. Construction was substantially completed on July 20, 1993, when a certificate of occupancy was issued.

Weston submitted evidence of inspections and testing on the home in the spring and summer of 2002, which revealed water-intrusion problems that had caused the growth of mold in the walls and allegedly consequent health problems for Weston and his family. The testing submitted by Weston indicated that the water problems were the result of construction-related defects.

In May 2003, Weston and his family brought suit against Top Value for damages arising out of the allegedly defective and unsafe condition of the home. This was approximately two months before the end of the 10–year statutory repose period for such claims, which reads: "[N]or, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction." Minn. Stat. § 541.051, subd. 1(a). The words "such a cause of action" include Weston's claim because they refer back, in part, to an "action by any person * * * to recover damages for any injury to property * * * or for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * *." *Id.*

Top Value answered Weston's complaint on January 30, 2004, alleging that its subcontractors and material supplier caused any damages suffered by Weston. In March and April 2004, Top Value served Tappe, Panelcraft, and Windsor (hereinafter referred to collectively as "Tappe") with third-party complaints, seeking contribution and indemnity. Tappe moved for summary judgment on the grounds that Top Value's contribution and indemnity action was extinguished because it was not brought within the 10–year repose period.

The district court granted the motions and dismissed Top Value's claims, noting that:

> A statute of repose operates to preclude the existence of an available remedy. * * * Despite the fact that Top Value's cause of action had not yet accrued, its claims for indemnity and contribution were extinguished on July 20, 2003.

The court of appeals reversed, determining that when a contribution or indemnity claim actually accrues within two years after the 10–year statutory repose period, the claim should be deemed as a matter of law to have accrued at the end of the tenth year following completion of construction (i.e., the last day of the repose period). *Weston,* 694 N.W.2d at 562, 564. The court held that Top Value's contribution and indemnity claims could be timely brought in the eleventh or twelfth year after completion of construction. *Id.* We granted Tappe's petition for further review.

## I.

■■■ When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion that we review de novo. *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998). The interpretation of a statute is a question of law that this court also reviews de novo. *Olmanson v. LeSueur County,* 693 N.W.2d 876, 879 (Minn.2005). Our first task is to determine whether the statute needs interpreting—that is, whether the language of the statute is ambiguous. *Molloy v. Meier,* 679 N.W.2d 711, 723 (Minn.2004).

■ The court of appeals did not state that the repose provision of section 541.051 was ambiguous, but did say that the provision "begs for clarity." *Weston,* 694 N.W.2d at 562. The court observed that section 541.051 deviates from the standard statute of repose by using accrual to mark the end point of the repose period instead of requiring that an action be brought within a certain number of years. *Weston,* 694 N.W.2d at 561–62. The court concluded that this feature presented the possibility of conflicting inferences: either that "no suit can ever be brought if the claim accrues in fact in year eleven or twelve," or that the "ripening of the cause of action is

deemed by law to occur at the end of the tenth year, and that no action on the claim can be brought after the end of year twelve." *Id.* at 562. The court determined that the second inference is compelling and must be declared as a matter of law. *Id.*

We conclude that the court of appeals read too much into the word "accrue" because the plain language of the statute is not ambiguous. *See Owens v. Water Gremlin Co.,* 605 N.W.2d 733, 736 (Minn. 2000) ("[I]f the words of the statute are 'clear and free from all ambiguity,' further construction is neither necessary nor permitted" (quoting Minn.Stat. § 645.12 (2004))). We have specifically noted with regard to section 541.051 that "we must * * * strive to give effect to the plain meaning of the words of the statute without resort to technical legal constructions of its terms." *Pacific Indem. Co. v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548, 554 (Minn.1977).

In effect, the court of appeals' interpretation would convert the negative statement of the statute—that "a cause of action [shall not] accrue more than ten years after substantial completion of the construction"—into a positive statement—that a cause of action for contribution or indemnity shall accrue no later than ten years after completion of construction. This conversion goes beyond interpretation and actually modifies the words of the statute.

■ The reference to "accrues" in the repose provision must be read together with the definition that is given later in section 541.051:

> For purposes of paragraph (a), a cause of action accrues upon discovery of the injury or, in the case of an action for contribution or indemnity, upon payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition.

Minn.Stat. § 541.051, subd. 1(b) (2002).[1] This definition determines when a contribution or indemnity claim will accrue. It does not permit such accrual to be deemed by law to have occurred at some time prior to payment.

Further, the court of appeals' interpretation is inconsistent with the extension of the repose period for claims that accrue in the ninth and tenth year after completion of construction. The repose provision applies not only to contribution and indemnity claims, but also to the underlying injury claim of the home owner. *See* Minn.Stat. § 541.051, subd. 1(a). That injury claim accrues on discovery of the injury. *See id.* Because the repose provision requires that a cause of action accrue within the statutory period, injury claims would not actually accrue unless they were discovered within the 10–year period. For consistency's sake, the rationale of the court of appeals would suggest that an injury claim that had not accrued within the repose period would likewise be deemed by law to have accrued at the end of the tenth year. If both the injury and the contribution and indemnity claims are deemed to have accrued in the tenth year, the period of repose would necessarily be extended from a 10–year period to a 12–year period. If the legislature had intended this result, it could have simply enacted a 12–year statute of repose.

It is true that the legislature's decision to define accrual one way for injury claims and another way for contribution and indemnity claims presents the possibility that an injury claim, which will necessarily accrue first, could accrue within the repose period while a contribution or indemnity claim involving the same improvement to real property would not accrue

until after the repose period. Top Value argues that such a result is absurd and is in derogation of the presumption that "the legislature does not intend a result that is absurd, impossible of execution, or unreasonable." Minn.Stat. § 645.17(1) (2004). But this rule of construction only operates where the words of a statute are ambiguous; the rule cannot generally be used to override the plain language of a statute. *Hyatt v. Anoka Police Dep't,* 691 N.W.2d 824, 827–28 (Minn.2005). We can "disregard a statute's plain meaning only in rare cases where the plain meaning 'utterly confounds a clear legislative purpose.'" *Id.* at 827 (quoting *Mut. Serv. Cas. Ins. Co. v. League of Minn. Cities,* 659 N.W.2d 755, 760 (Minn.2003)). Here, the plain meaning of accrual does not confound a clear legislative purpose; to the contrary, it accomplishes the clear legislative purpose of preventing the accrual of a cause of action after a specified period of time from the completion of construction.

Top Value also argues that it had no control over when it could bring its contribution and indemnity claims because they are derivative of the underlying injury action and it had no control over when the injury action was commenced. That argument presents a distinction that the legislature could have recognized, but did not. We agree with Tappe's assertion that, had the legislature wanted to declare a separate and different repose period for contribution and indemnity claims, it could have done so explicitly. In that connection, we note that the Wisconsin legislature enacted a similar statute of repose but provided an indefinite time for a contribution claim to be brought if the underlying injury action is brought late in the repose period. *See*

---

1. The statute's definition of accrues is consistent with the common law rule that a claim for contribution by a joint tortfeasor "does not accrue or mature until the person entitled

to the contribution has sustained damage by paying more than his fair share of the joint obligation." *Grothe v. Shaffer,* 305 Minn. 17, 23–24, 232 N.W.2d 227, 232 (1975).

Wis. Stat. § 893.89(3)(c) (2004) (providing "An action for contribution is not barred due to the accrual of the cause of action for contribution beyond the end of the exposure period if the underlying action that the contribution action is based on is extended under par. (b)," (which extends the period of repose if the damage is sustained during the period from the first day of the eighth year to the last day of the tenth year)).

Finally, we note that Top Value did not press before us the court of appeals' interpretation of the repose provision. It argues, instead, that the provision should be read to apply only to underlying injury actions, not to contribution or indemnity claims. Top Value suggests that the use of the singular "such cause of action" in the repose provision indicates that it applies only to the underlying injury action. The court of appeals dismissed this interpretation as "without merit." *Weston*, 694 N.W.2d at 564. We agree with the court of appeals' conclusion because the words "such a cause of action" follow the description of both an injury action and a contribution or indemnity action. *See* Minn. Stat. § 541.051, subd. 1(a).

For these reasons, we hold that the repose provision of section 541.051, subd. 1(a), bars a contribution and indemnity claim that has not accrued (i.e., where the principal claim has not been paid) and has not been brought within the 10 years from the completion of the construction.[2]

## II.

■ Top Value argues that an interpretation of the statute that bars its contribution and indemnity claim violates the Due Process Clauses of the United States and Minnesota Constitutions. Without naming it explicitly, Top Value also presents arguments implicating the Remedies Clause of the Minnesota Constitution.[3]

■ Preliminarily, we note that Top Value failed to notify the attorney general of its constitutional challenge, as required by Minn. R. Civ. P. 24.04 and Minn. R. Civ.App. P. 144. Top Value asserts that the requirement does not apply because it is not arguing that the statute is unconstitutional on its face, only as interpreted by the district court. But we have said that "it is extremely doubtful we would hold a statute unconstitutional if the attorney general had not been properly notified." *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 452 (Minn.1988). Further, Top Value failed to raise its argument either at the district court or to the court of appeals. Generally, a reviewing court should not consider issues that were neither considered in the district court nor adequately briefed on appeal. *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721,

---

**2.** We recognize that there may be circumstances where a contribution and indemnity claim may be brought before it has technically accrued. We have said that the rules of civil procedure encourage the joining of third-party defendants at an early stage and thus permit the joinder of third-party claims for contribution and indemnity at the time the third-party plaintiff is initially sued even though the third-party plaintiff's claims had not matured. *See Calder v. City of Crystal*, 318 N.W.2d 838, 844 (Minn.1982), and Minn. R. Civ. P. 14.01. Accordingly, our ruling only applies to situations where the contribution and indemnity claims have not accrued *and* have not been brought within the statutory period. We express no opinion on the effect of the statute of repose on a contribution or indemnity claim that was brought within the statutory period but did not accrue until after the statutory period.

**3.** "Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, and to obtain justice freely and without purchase, completely and without denial, promptly and without delay, conformable to the laws." Minn. Const. art. 1, § 8.

728 (Minn.2005) (citing *Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988)). Nonetheless, we have the latitude to address any matter "as the interest of justice may require," Minn. R. Civ.App. P. 103.04, and the constitutionality of section 541.051 as applied to Top Value's contribution-indemnity claims merits our consideration.

■■■ With regard to the constitutional arguments, we think it important to differentiate between statutes of repose and statutes of limitations. The constitutional legitimacy of statutes of repose stems from their substantive, rather than procedural, nature: a statute of limitations limits the time within which a party can pursue a remedy (that is, it is a procedural limit), whereas a statute of repose limits the time within which a party can acquire a cause of action (thus it is a substantive limit). *See Hodder v. Goodyear Tire & Rubber Co.,* 426 N.W.2d 826, 830 n. 3 (Minn.1988) (discussing the operation of a statute of repose to bar recovery even before the cause of action accrues).

> [A] statute [of repose] is intended to terminate the possibility of liability after a defined period of time, regardless of the potential plaintiff's lack of knowledge of his or her cause of action. Such statutes reflect the legislative conclusion that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct.

51 Am.Jur.2d *Limitation of Actions* § 18 (2000) (footnotes omitted).

■■■ This difference between statutes of repose and statutes of limitations is significant when either is challenged as being violative of state remedies or due process clauses. Because statutes of limitations are procedural in nature, intended to deny a remedy even though a right has vested, they typically are not triggered until the cause of action has accrued. *See Wichelman v. Messner,* 250 Minn. 88, 108, 83 N.W.2d 800, 816 (1957). For this rea-son, one focus of a constitutional challenge to a statute of limitations is whether it allows a reasonable time after the cause of action accrues for the party to enforce her rights. *Id.* at 108–09, 83 N.W.2d at 816–17.

A statute of repose, on the other hand, is intended to eliminate the cause of action. In at least the majority of jurisdictions, it has been held that such statutes may constitutionally eliminate causes of action even before they accrue. *See, e.g., Kanne v. Bulkley,* 306 Ill.App.3d 1036, 240 Ill.Dec. 97, 715 N.E.2d 784, 789–90 (1999); *McIntosh v. Melroe Co.,* 729 N.E.2d 972, 978 (Ind.2000); *Plummer v. Gillieson,* 44 Mass.App.Ct. 578, 692 N.E.2d 528, 532 (1998); *O'Brien v. Hazelet & Erdal,* 410 Mich. 1, 299 N.W.2d 336, 341–42 (1980); *Schendt v. Dewey,* 246 Neb. 573, 520 N.W.2d 541, 547 (1994); *Craftsman Builder's Supply, Inc. v. Butler Mfg. Co.,* 974 P.2d 1194, 1201 (Utah 1999).

Particularly instructive on the distinction between statutes of limitations and statutes of repose is the Indiana Supreme Court's decision in *McIntosh.* There, the court considered the validity of the state's Products Liability Act that contained a statute of repose barring product liability claims for injuries sustained more than 10 years after the product is delivered to the initial consumer. *McIntosh,* 729 N.E.2d at 973. The court distinguished that statute of repose from the statute of limitations contained in Indiana's Medical Malpractice Act. *McIntosh,* 729 N.E.2d at 978. The latter barred claims where the injury had occurred before the two-year period of limitations but had not been discovered within the two-year period. *Martin v. Richey* 711 N.E.2d 1273, 1278 (Ind.1999). Although the Indiana court in *Martin* had held that the application of the medical statute of limitations to bar an accrued claim before it reasonably could be discov-

ered was an unconstitutional impairment of an existing remedy, in *McIntosh* it distinguished the products statute of repose because it extinguished any cause of action before it accrued. *Martin,* 711 N.E.2d at 1285; *McIntosh,* 729 N.E.2d at 978. The court said:

> The holding in *Martin v. Richey* is that a claim that exists cannot be barred before it is knowable. Here, we are dealing with a rule of law that says, in effect, that products that produce no injury for ten years are no longer subject to claims under the Product Liability Act. Whatever the wisdom of such a rule, in our view, it is a matter well within the legislature's ability to regulate.

*Id.* at 979.

The court further concluded that a statute of repose may legitimately eliminate a common law right where such elimination is a "rational means to achieve a legitimate legislative goal." *Id.* at 979. The court said:

> The statute of repose represents a determination by the General Assembly that an injury occurring ten years after the product has been in use is not a legally cognizable "injury" that is to be remedied by the courts. This decision was based on its apparent conclusion that after a decade of use, product failures are "due to reasons not fairly laid at the manufacturer's door." The statute also serves the public policy concerns of reliability and availability of evidence after long periods of time, and the ability of manufacturers to plan their affairs without the potential for unknown liability. The statute of repose is rationally related to meeting these legitimate legislative goals. It provides certainty and finality with a bright line bar to liability ten years after a product's first use. It is also rationally related to the General Assembly's reasonable de-

termination that, in the vast majority of cases, failure of products over ten years old is due to wear and tear or other causes not the fault of the manufacturer, and the substantial interests already identified warrant establishing a bright line after which no claim is created.

*Id.* at 980 (citations omitted).

This majority rule, upholding the constitutionality of statutes of repose as applied to a variety of causes of action, has also been recognized in connection with statutes of repose for claims arising from the improvement to real property. As the Minnesota legislature has done in section 541.051, "[l]egislatures in almost every state have enacted statutes of repose imposing time limitations upon lawsuits against architects, engineers and builders for injury to persons, injury to property or death arising out of the defective or unsafe condition of an improvement to real property." Martha Ratnoff Fleisher, Annotation, *Validity, as to Claim Alleging Design or Building Defects, of Statute Imposing Time Limitations Upon Action Against Architect, Engineer, or Builder for Injury or Death Arising Out of Defective or Unsafe Condition of Improvement to Real Property,* 5 A.L.R. 6th 497, 516 (2005). Such statutes generally "bar * * * claims by owners and third parties a designated number of years following substantial completion of the improvement or following another event unrelated to accrual of the cause of action." *Id.*

These statutes have generally been applied to bar contribution and indemnity claims. *See, e.g., Eastern Iowa Propane, Ltd. v. Honeywell, Inc.,* 652 N.W.2d 462, 463, 466 (Iowa 2002) (applying 15–year statute of repose to bar contribution-indemnity claim while the underlying claim went forward). And they have been upheld, in the face of challenges under state due process and remedies clauses, in sev-

eral jurisdictions. *See* Fleisher, *supra,* 5 A.L.R. 6th § 4–5, at 522–39 (open courts/remedies clause); § 7, at 541–54 (due process). Thus in *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822, 832–35 (Mo.1991), the Missouri Supreme Court upheld the statute of repose protecting architects, engineers and persons who provided construction services against due process and access to court challenges. As to the access to courts (remedies) clause, the court determined that because the legislature could totally eliminate the cause of action, "the legislature can eliminate such a cause of action from and after 10 years following the completion of construction." *Id.* at 833. The court said that the statute of repose "does not bar the courts to a person with a valid cause of action; rather, it modifies the common law to provide that there is no such cause of action." *Id.* As to the due process clause, the court said:

> A litigant does not have a vested property right in a cause of action before it accrues. Thus, no due process violation occurs if this non-property right is eliminated by a change in the law.

*Id.* at 834. The court concluded:

> It is understandable that the plaintiffs would disagree with the decision of the legislature to grant immunity to designers and builders from and after 10 years following the completion of construction; however, this Court cannot say that the legislature's decision to do so does not rationally further a legitimate state objective.

*Id.* at 835.

We now turn to our case law under section 541.051. After section 541.051 was amended in 1980 to address the equal-protection deficiencies we described in *Pa-*

cific *Indem. Co.,*[4] it has faced challenges on Due Process and Remedies Clause grounds. In each case, we determined that the legitimate legislative objective underlying the repose provision was sufficient to support its constitutionality. *See Sartori,* 432 N.W.2d at 454 (stating that the legislative objective behind the statute was "reasonable * * * and should not be lightly disregarded by this court absent a clear abuse"); *Calder,* 318 N.W.2d at 843–44 (holding the statute constitutional). But our analysis has not been completely satisfactory because it has, at times, failed to properly distinguish between the limitations and repose provisions of section 541.051 and intermingles principles applicable from one to the other.

In *Calder,* although we were asked to enforce the statute of repose provision in section 541.051, our analysis relied significantly on principles that are only applicable to statutes of limitation. We determined that the repose provision did not violate the Due Process or Equal Protection Clauses because the defendant had a reasonable time after being sued (14 months) to bring its contribution claim. *Calder,* 318 N.W.2d at 844. We declined to define a period that would be constitutionally unreasonable, but cautioned that "a statute which does not allow any time whatever [to join third parties] is clearly unconstitutional." *Id.* We also observed,

> We do not believe the legislature can pass a statute allowing a substantive remedy and yet, by adopting a procedural statute of limitations, make the remedy impossible to achieve and meaningless by barring the suit from being brought before it has matured.

4. In *Pacific Indemnity* we declared that section 541.051, as it then read, was unconstitutional because it protected contractors from suits, but not homeowners or suppliers. 260 N.W.2d at 555. The legislature responded in

1980 by adding property owners and materials suppliers to those protected by the statute's limitations and repose provisions. Act of April 7, 1980, ch. 518, §§ 2–4, 1980 Minn. Laws 595, 596.

*Id.* at 844. All of these comments were dicta. As we have seen, the requirement of a reasonable time to bring a claim is only relevant to the application of a statute of limitations after a cause of action has already accrued. And the comment about the statutory remedy had no application because the underlying claim in *Calder* was based in common law negligence and a contribution claim is an equitable action. *Id.* at 839, 841. As a result, *Calder* is best limited to its particular facts.

*Calder* did appropriately reject the argument that the statute of repose provision of section 541.051 violated due process because it "abrogates a common law right of action without providing a reasonable substitute." *Calder,* 318 N.W.2d at 843–44. We cited *Tri–State Insurance Co. of Minnesota v. Bouma,* 306 N.W.2d 564, 566 (Minn.1981), which rejected that argument as to Minn.Stat. § 176.179 (1974) (eliminating any right to seek a refund of the overpayment of worker's compensation). In *Bouma* we said:

> [W]e have recognized that the legislature could constitutionally abrogate a common law right without providing a reasonable substitute if it is pursuing a permissible, legitimate legislative objective.

306 N.W.2d at 566. But *Calder,* through citing this language, did not carry this holding from *Bouma* forward to any conclusion. *Calder,* 318 N.W.2d at 844.

In *Sartori,* we began our remedies and due process analyses with the discussion in *Calder* that the legislature may abrogate a common law right without providing a substitute if it is pursuing a legitimate legislative objective. *Sartori,* 432 N.W.2d at 453. And we held that the legislative objective of section 541.051, to "avoid litigation and stale claims which could occur many years after an improvement to real property has been designed, manufactured and installed," was a legitimate one. *Sartori,* 432

N.W.2d at 454. But we may have confused this holding by emphasizing that Sartori had alternative remedies. *See id.* That discussion of alternative remedies was not necessary to the holding that the legislature could eliminate a common-law cause of action without providing a substitute if it were pursuing a legitimate legislative objective, and it does not control this case.

◼ We hold that the repose provision of section 541.051 is based on a legitimate legislative objective and does not violate the Due Process or Remedies Clauses of the Minnesota Constitution. Because we see no reason to differentiate between the Due Process Clause of the Minnesota Constitution and that of the United State Constitution as applied to these facts, we likewise hold that the repose provision of section 541.051 does not violate federal due process.

### III.

◼ Finally, Top Value argues that principles of equity and justice should preclude reading the statute to cut off contribution and indemnity claims before they accrue. The argument, however, is premised on the idea that the statute is ambiguous, which we have determined it is not. Top Value did not present an equal protection challenge to the statute.

Top Value supports its equity argument with this court's statement in *City of Willmar v. Short–Elliott–Hendrickson, Inc.:*

> As a practical matter, a party may lose the protection afforded by the statute of limitations against a plaintiff's claim when there are other defendants who do not have a statute of limitations defense to plaintiff's claims; but equity deems it more important that a defendant not evade its liability at the literal expense of a codefendant.

512 N.W.2d 872, 875 (Minn.1994). *City of Willmar* is inapposite because the issue was whether the crossclaim for contribution and indemnity could go forward when the underlying action had been barred by the statute of limitations. *Id.* at 873. Nonetheless, Top Value argues that the *City of Willmar* should inform us because it concerned a derivative claim that, like Top Value's contribution and indemnity claims, depends on the filing of a damages claim by the plaintiff, an event over which the defendant has no control.

Without doubt the consequences of the district court's plain reading of the statute are prejudicial to Top Value, but that prejudice is the natural consequence of the statute of repose that the legislature has chosen to enact.

Reversed and remanded to the district court for reinstatement of its summary judgment orders.

MEYER, Justice (concurring).

I concur with the majority's determination that the builders' statute of repose is unambiguous and that it bars Top Value's claims for contribution and indemnity. But I respectfully disagree with the majority's conclusion that the statute is constitutionally sound in all applications. I would limit our holding with regard to the constitutionality of the statute to the facts of the case before us and would conclude that because Top Value had a reasonable opportunity to bring its claims before the statute of repose period ended, its Due Process and Remedies Clause arguments must fail.

I write separately because under different facts the majority's holding would allow a suit for damages to be brought as late as the end of the twelfth year after completion of construction, but disallow a contribution and indemnity claim arising out of the same damages claim. This result is not permitted by this court's precedent and the constitutional principles on which that precedent rests.

In *Calder v. City of Crystal,* we observed that a statute of limitations that prevented a liable party from having a reasonable time to join third parties for contribution or indemnity would not fulfill due process requirements. 318 N.W.2d 838, 844 (Minn.1982). We noted that "a statute which does not allow any time whatever [to bring a contribution or indemnity claim] is clearly unconstitutional." *Id.* We further articulated our understanding that the legislature could not constitutionally "pass a statute allowing a substantive remedy and yet, by adopting a procedural statute of limitations, make the remedy impossible to achieve and meaningless by barring the suit from being brought before it has matured." *Id.*

The majority asserts that we clarified *Calder* in *Sartori,* when we held that the legislature *could* in fact abrogate a common law right of action without violating constitutional Due Process or Remedies Clauses if it does so to achieve a legitimate legislative objective. *See Sartori,* 432 N.W.2d at 453. In *Sartori* we found that the goal achieved by Minn.Stat. § 541.051 was a legitimate one. 432 N.W.2d at 454. We said:

> The statutory limitation period is designed to eliminate suits against architects, designers and contractors who have completed the work, turned the improvement to real property over to the owners, and no longer have any interest or control in it. By setting forth a * * * period of repose, the statute helps avoid litigation and stale claims which could occur many years after an improvement to real property has been designed, manufactured and installed. The lapse of time between completion of an improvement and initiation of a suit often results in the una-

vailability of witnesses, memory loss and a lack of adequate records. Another problem particularly crucial is the potential application of current improved state-of-the-art standards to cases where the installation and design of an improvement took place many years ago. Minn.Stat. § 541.051 (1980) was designed to eliminate these problems by placing a finite period of time in which actions against certain parties may be brought. We hold this objective is a reasonable legislative objective and should not be lightly disregarded by this court absent a clear abuse.

*Id.* (footnote omitted). From this, coupled with its examination of case law from other jurisdictions, the majority concludes that Minn.Stat. § 541.051 is virtually immune to challenge on Due Process or Remedies Clause grounds.

I believe that the majority goes too far by comprehensively dismissing challenges to the statute on Due Process or Remedies Clause grounds. *Sartori*'s discussion of the availability of alternative remedies (to an injured worker in that case—a direct action against the property owner for negligent inspection and a worker's compensation claim) suggests our lack of willingness to altogether shield the builders' statute of repose from challenge on constitutional (Due Process and Remedies Clause) grounds—the unprecedented step that the majority now takes. *See Sartori,* 432 N.W.2d at 454.

I would focus my analysis on the legitimate legislative purpose recognized in *Sartori* and principles of due process, and not look to the case law of other jurisdictions. Generally, the purpose of the statute supports the cutting off of claims at some certain point after completion of construction to prevent the bringing of stale claims. I would conclude that the purpose of the statute is not served by cutting off claims against one class of defendants (subcontractors, materials suppliers, etc.) and not others (general contractors). As Top Value points out, its claims against its materials suppliers and subcontractors, brought during the pendency of the damages suit, are no more or less stale than the homeowners' underlying damages claim.

Due process and the Remedies Clause provide the roots for our enduring holding that a "common-law right of action may be abrogated without providing a reasonable substitute if a permissible legislative objective is pursued." *Haney v. Int'l Harvester Co.,* 294 Minn. 375, 385, 201 N.W.2d 140, 146 (1972). Contribution and indemnity claims are "venerable equity actions and part of our state's common law." *City of Willmar v. Short–Elliott–Hendrickson, Inc.,* 512 N.W.2d 872, 874 (Minn.1994); *see also Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 122, 257 N.W.2d 679, 685 (1977) (stating "Contribution and indemnity are variant common-law remedies used to secure restitution and fair apportionment of loss among those whose activities combine to produce injury."); *Grothe v. Shaffer,* 305 Minn. 17, 25, 232 N.W.2d 227, 233 (1975) (stating, "The third-party claim is thus contingent on the outcome of the original action and upon the payment by one joint tortfeasor of more than his *fair share* of the common obligation." (emphasis added)). Considering all of this jurisprudence, I would not comprehensively bar contribution or indemnity claims when the underlying cause of action for damages goes forward.

Applying these principles to this case, I would nevertheless conclude that Top Value's contribution and indemnity claim is time-barred because it could, by virtue of our rules allowing and policy encouraging early joinder of third parties, have brought contribution and indemnity claims before the 10–year period expired. *See Calder,* 318 N.W.2d at 844; Minn. R. Civ. P. 14.01.

This is not to say that I find that two months (roughly the window of time from when homeowner Weston filed and served his suit on Top Value to the end of the repose period) is necessarily a sufficient period for due process purposes. *See Calder*, 318 N.W.2d at 844 (declining to define a constitutionally reasonable time for bringing a claim). But here the record suggests that Top Value knew or should have known that there were water-intrusion and mold problems with the Weston home as early as August 2002. I find it implausible that at the time Weston's complaint was served Top Value had to begin an investigation into the potential source of the problems (i.e., which subcontractors' work or suppliers' materials may be faulty) such that it was prevented from bringing its contribution and indemnity claims earlier for lack of a good faith basis. *See* Minn. R. Civ. P. 11; Minn.Stat. § 549.211 (2004).

That different facts could present a case where a builder had *no time* to bring contribution and indemnity claims while the underlying damages claim goes forward is not mere speculation, but is born out by case law. *See Brink v. Smith Cos. Constr., Inc.*, 703 N.W.2d 871, 879 (Minn. App.2005) (finding the repose provision of section 541.051 unconstitutional when it bars a contribution and indemnity claim based on a viable statutory warranty claim). Such a factual circumstance is not before us, though, and for that reason we would do well to limit our holding.

PAGE, Justice (concurring).

I join in the concurrence of Justice Meyer.

ANDERSON, PAUL H., Justice (concurring).

I join in the concurrence of Justice Meyer.