**SOMSEN, MUELLER, LOWTHER & FRANTA, PA, Respondent,**

v.

**ESTATES OF Adlor C. OLSEN and Phyllis C. Olsen, et al., Defendants,**

**Wendover Financial Services Corporation, Appellant.**

**No. A10–299.**

Court of Appeals of Minnesota.

Nov. 9, 2010.

Patrick A. Lowther, Sleepy Eye, MN, for respondent.

John Westrick, Kristine M. Spiegelberg, Ryan D. Krumrie, Shapiro & Zielke LLP, Burnsville, MN, for appellant.

Considered and decided by SCHELLHAS, Presiding Judge; KLAPHAKE, Judge; and SHUMAKER, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant mortgagee appeals from summary judgment in favor of respondent law firm, arguing that the district court erred by ruling that respondent's claim against decedents' estates had priority for payment under Minn.Stat. § 524.3–805(a) (2008) over appellant's previously registered mortgage.

## FACTS

The facts in this case are undisputed. On November 9, 2000, Adlor Olsen and Phyllis Olsen granted a mortgage to Richfield Bank & Trust Co. against their Torrens real estate. Richfield Bank & Trust registered its mortgage on December 19, 2000, and subsequently assigned its interest to Senior Homeowners Financial Services Inc. Senior Homeowners Financial Services subsequently assigned its interest in the mortgage to appellant Wendover Financial Services Corp.

Adlor Olsen died on September 22, 2007; Phyllis Olsen died on October 1, 2007. The decedents' personal representative hired respondent Somsen, Mueller, Lowther & Franta PA (the law firm) to probate the decedents' estates. The decedents' mortgaged real estate was the only asset. On June 6, 2008, the law firm filed a Notice of Intent to Claim an Attorney's Lien against the real estate in the Office of the Blue Earth County Registrar of Titles. The law firm claimed that attorney fees were owed in the amount $5,049.24 plus interest from June 5, 2008.

In December 2008, Wendover foreclosed its mortgage against the real estate by advertisement pursuant to a provision in the mortgage which provided that the death of the borrower constituted grounds for accelerating the debt. Wendover purchased the real estate at a sheriff's sale on February 9, 2009. After the sheriff's sale, the law firm commenced a declaratory-judgment action against Wendover and others.[1] The law firm moved the district court for summary judgment, arguing that the law firm's lien against the real estate was superior to the interests of Wendover and others. Applying Minn.Stat. § 524.3–805(a), the district court declared the law

1. While the case was ongoing, the statutory six-month redemption period expired without

any lienholder redeeming. *See* Minn.Stat. § 580.23 (2008).

firm's lien superior to Wendover's mortgage and granted summary judgment to the law firm. This appeal follows.

## ISSUE

Did the district court err by concluding that the law firm's attorney's lien has priority for payment under Minn.Stat. § 524.3–805(a) over Wendover's previously registered mortgage?

## ANALYSIS

A district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion that we review de novo." *Weston v. McWilliams & Assocs., Inc.*, 716 N.W.2d 634, 638 (Minn.2006). "The interpretation of a statute is a question of law that this court also reviews de novo." *Id.*

Wendover argues that (1) its mortgage was not a claim against the decedents' estates within the meaning of Minn.Stat. § 524.3–805(a), and (2) its mortgage had priority over the law firm's attorney's lien because it was registered against the real estate more than seven years before the existence and registration of the law firm's attorney's lien.

Section 524.3–805(a) states:

If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:

(1) costs and expenses of administration; ...

(3) debts and taxes with preference under federal law; ...

(6) debts with preference under other laws of this state, and state taxes;

(7) all other claims.

In this case, the assets in the decedents' estates were insufficient to pay all claims in full. Applying section 524.3–805, the district court determined that Wendover's mortgage was a probate claim and that the law firm's probate claim pursuant to its attorney's lien had priority for payment as a cost and expense of administration.

We conclude that Wendover's mortgage was not a claim against decedents' estates within the meaning of section 524.3–805(a). "Claims" include "liabilities of the decedent whether arising in contract or otherwise and liabilities of the estate which arise after the death of the decedent including funeral expenses and expenses of administration." Minn.Stat. § 524.1–201(6) (2008). Under Minn.Stat. §§ 524.3–803 and 524.3–804 (2008), all claims must be presented in a specific manner or they are barred against the estate. But the probate code treats secured claims differently from unsecured claims. *See* Minn. Stat. § 524.3–803(c)(1) (providing that "any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate" is specifically exempted from the requirement of filing a claim). Additionally, Minnesota Statutes section 524.3–104 (2008), regarding enforcement of claims against an estate, provides that "[t]his section has no application to a proceeding by a secured creditor of the decedent to enforce the creditor's right to the security except as to any deficiency judgment." And, under Minn.Stat. § 524.3–814 (2008), if an asset is encumbered by a "mortgage, pledge, lien, or other security interest, the personal representative may pay the encumbrance[,] ... renew or extend any obligation secured by the encumbrance[,] ...

or transfer the assets to the creditor in satisfaction of the lien[,] ... whether or not the holder of the encumbrance has filed a claim."

In its argument that Wendover's mortgage is a claim against the estates under the probate code, the law firm states that this is a case of first impression in Minnesota. We disagree. In *Harter v. Lenmark,* 443 N.W.2d 537, 540 (Minn.1989), the supreme court held that a mortgagee may proceed against the encumbered real estate without filing a claim against the estate. A mortgagee may also foreclose and file a deficiency claim against the estate. Minn.Stat. § 524.3–803; *Harter,* 443 N.W.2d at 540. Wendover did not seek a deficiency claim against the estates. Under *Harter,* Wendover therefore could enforce its mortgage without filing a claim against the estates. Because Wendover's mortgage was not a claim against the decedents' estates, Wendover's right to enforce its mortgage was not subject to section 524.3–805(a), which governs the priority of claims in an insolvent estate. The district court therefore erred by declaring that the law firm's attorney's lien was a claim superior to Wendover's mortgage.

Wendover also argues that its mortgage had priority over the law firm's attorney's lien. Because Wendover's mortgage was filed and registered before the registration of the law firm's attorney's lien, we agree. Priority of instruments affecting title to Torrens property is established from the date of filing with the registrar of titles. Minn.Stat. § 508.48 (2008); *see Imperial Developers, Inc. v. Calhoun Dev., LLC,* 790 N.W.2d 146, 148–49 (Minn.2010) (holding that mortgage was "of record" at the time it was filed with registrar of titles and therefore had priority over later-filed mechanic's lien). The law firm makes no argument that Wendover's mortgage was not properly filed and registered under Minn.Stat. § 508.48 or validly assigned to Wendover under Minn.Stat. § 508.54 (2008). The mortgage was filed and registered several years before the law firm's attorney's lien existed. Wendover's mortgage therefore was a superior encumbrance against the real estate when Wendover foreclosed the mortgage. Because the law firm did not redeem the real estate during the six-month redemption period following Wendover's foreclosure sale, the mortgage foreclosure extinguished the law firm's attorney's lien. *See* Minn.Stat. § 580.24 (2008) (providing for redemption rights of creditors to avoid forfeiture of their interests in mortgaged property).

■ In a footnote in its brief, Wendover also argues that the mortgaged real estate was homestead property, which passed by will to the Olsens' descendants. Wendover argues that because of the alleged homestead status of the real estate, the law firm's lien could not attach because it was not a valid charge at the time of the decedent's death. A homestead that "passes by descent or will to the spouse or decedent's descendants ... is exempt from all debts which were not valid charges on it at the time of decedent's death." Minn.Stat. § 524.2–402(c) (2008). Because Wendover did not present this argument to the district court, we will not consider it. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotations omitted)).

## DECISION

The law firm's attorney's lien filed against decedents' real estate did not have priority for payment as a claim under Minn.Stat. § 524.3–805(a)(1) over Wendover's previously registered mortgage. Because Wendover did not seek a deficien-

cy judgment, it properly proceeded to foreclose its mortgage against the decedents' real estate without presenting the mortgage as a claim against decedents' estates under Minn.Stat. § 524.3–803 (2008). The district court therefore erred by granting summary judgment to the law firm.

**Reversed.**