# IN THE COURT OF APPEALS OF IOWA

No. 17-0685
Filed December 20, 2017

**VAN WALL EQUIPMENT, INC.,**
    Plaintiff-Appellant,

**vs.**

**BC STEEL BUILDINGS, INC.,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Poweshiek County, Lucy J. Gamon, Judge.

Van Wall Equipment, Inc. appeals the district court's ruling granting summary judgment in favor of BC Steel Buildings, Inc.  **AFFIRMED.**

Anthony J. Kane of Pfefferle Kane L.L.P., Minneapolis, Minnesota, and Gary J. Shea of Gary J. Shea Law Offices, Cedar Rapids, for appellant.

Clark I. Mitchell and Aaron W. Lindebak of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether a negligence action against a manufacturer is barred by a fifteen-year statute of repose.

## I.  *Background Facts and Proceedings*

BC Steel Buildings, Inc. manufactured pre-engineered metal buildings.  BC delivered an unassembled building to a company in September 2000.  That company, in turn, assembled the building on a site in Grinnell, Iowa, completing its work by March 2001.  Van Wall Equipment, Inc. purchased the Grinnell property.  The metal building on the property collapsed in December 2015.

In January 2016, Van Wall sued BC for negligence in the design and manufacture of the building.[1]  BC moved for summary judgment on the ground that the action was barred by the fifteen-year statute of repose set forth in Iowa Code section 614.1(11) (2016).  The district court granted the motion.  This appeal followed.

## II.  *Analysis*

Van Wall argues the statute of repose began to run only when the building "attached to the realty" in March 2001, and its lawsuit was filed within fifteen years of this "attachment" date.  Our review of the district court's ruling is for errors of law.  *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015) (setting forth standard of review).

Iowa Code section 614.1(11) provided[2]:

---

[1] Van Wall voluntarily dismissed other defendants.

[2] The act was significantly amended during the 2017 legislative session and now sets forth several time limits for different types of actions.  "The revised provision does not apply to an improvement to real property in existence prior to the effective date of this Act or to an

> [A]n action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty and for contribution and indemnity, and founded on injury to property . . . shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death.

The "act or omission of" BC "alleged in the action to have been the cause of the injury" necessarily had to occur on or before September 2000 when the unassembled building was delivered to the company with which BC contracted. Van Wall's suit was filed in January 2016. The lawsuit against BC was barred by the fifteen-year statute of repose set forth in section 614.1(11).

It matters little that the building was completed—and became an improvement to the land—in March 2001. "[S]ection 614.1(11) cuts off liability for "'*the defendant*' alleged to be the 'cause of the injury' after more than fifteen years." *Krull v. Thermogas Co.*, 522 N.W.2d 607, 612 (Iowa 1994) (quoting Iowa Code § 614.1(11)); *see also Eastern Iowa Propane, Ltd. v. Honeywell, Inc.*, 652 N.W.2d 462, 464 (Iowa 2002) ("[T]he 'act or omission of the defendant alleged . . . to have been the cause of the injury or death,' is Honeywell's manufacture of the valve—not the installation, which, according to the record, was not even done by Honeywell. Honeywell manufactured the valve in 1968, and that is when the fifteen-year period of repose began." (quoting Iowa Code § 614.1(11)); *Jarnigin v. Fisher Controls Intern., Inc.*, 573 N.W.2d 34, 36-37 (Iowa 1997) (concluding regulators in a home furnace system were improvements and were manufactured

---

improvement to real property, whether construction has begun or not, that is the subject of a binding agreement as of the effective date of this Act." 2017 Iowa Acts ch. 64, § 2.

more than fifteen years before suit was filed against the manufacturer and suit was barred by Iowa Code section 614.1(11)).

We affirm the district court's thorough ruling granting summary judgment in favor of BC.

**AFFIRMED.**